458 A.2d 1371

**COMMONWEALTH of Pennsylvania**

v.

**Norman D. CHANCE, Appellant.**

Superior Court of Pennsylvania.

Submitted June 3, 1981.

Filed April 8, 1983.

Petition for Allowance of Appeal Denied Oct. 3, 1983.

---

436

Timothy J. Gorbey, Media, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before ROWLEY, McEWEN and MONTEMURO, JJ.

McEWEN, Judge:

Appellant was found guilty by a jury of criminal attempt to commit rape, possession of an instrument of crime, generally, possession of firearms without a license, crimes committed with firearms, and two counts each of aggravated assault, simple assault, terroristic threats and recklessly endangering another person. Judgment was arrested on the jury verdicts of guilty as to the charges of recklessly endangering another person and possession of firearms without a license. Appellant was sentenced to a term of imprisonment of from five to ten years for the criminal attempt to commit rape to be served concurrently with consecutive sentences of from two and one-half to five years imprisonment imposed on the two counts of aggravated assault and from two and one-half to five years imprisonment on two counts of terroristic threats. Since sentence was suspended on all remaining charges the total term of imprisonment was five to ten years. This appeal followed. We affirm the judgment of sentence with modification.

On a December evening at approximately 10:45 p.m. a young man and his girl friend were parked in an automobile in a field adjacent to Township Line Road in Upper Chichester Township, Delaware County. The two were embracing when the passenger door of the vehicle was forced open by appellant who wore a camouflage mask and wielded a .22 calibre pistol. Appellant pointed the gun at the young woman who was partially disrobed, and ordered both of them to remain still. Appellant then tied the man's hands behind his back and ordered him to move to the rear seat of the vehicle. At this time, the woman, still partially undressed, opened the driver's door and ran from the vehicle. Appellant pursued her, grabbed her by the back of the neck

and dragged her back toward the car. In an attempt to prevent the appellant from returning her to the car, she sat on the ground; when appellant put the gun to her head, he was finally successful in dragging her back to the car where he ordered her to lay on her "belly" in her partially nude condition. When appellant placed the gun at her head because she refused to comply, she informed appellant that she would rather be shot than raped, and began to struggle with him. During her struggle with appellant, the woman sustained an injury to her hand as a result of an effort to shield her head from a blow with the gun, and succeeded in removing the mask of appellant. The young man had been able in the meantime to untie his hands and joined the woman in the struggle. As he struggled with appellant for the weapon, he heard the weapon click several times before eventually wresting it from appellant. Appellant fled the scene after his repeated pleas to return the weapon were ignored. The young man testified he had been able to clearly observe appellant for a period of approximately ten minutes during the incident.

Appellant was found later that same evening, several miles away, by employees of a store in a Delaware mall, sprawled partly in and partly out of his vehicle in the mall parking lot. When appellant was taken to a hospital for treatment of injuries, he claimed that he had been attacked in the parking lot by a robber who placed a gun at his back and struck him about the head and face. The police officer assigned to investigate the robbery observed a number of scratches and marks on the face of appellant. Several days after he was released from the hospital, appellant informed the Delaware State Police that his alleged assailant matched a newspaper description of the individual who had assaulted a couple in Upper Chichester Township the same evening. Appellant, at the request of the investigator, voluntarily went to the Delaware State Police Barracks where he was photographed to document his injuries. When the detective subsequently displayed the photograph of appellant and eight others to the young man, he identi-

fied appellant as the assailant. As a result, appellant was arrested and charged with aggravated assault, simple assault, recklessly endangering another person, terroristic threats, criminal attempt to commit rape, possessing instruments of crime, firearms not to be carried without a license and crimes committed with a firearm. This appeal follows the return by a jury of guilty verdicts on all charges, the disposition of post-trial motions and the imposition of sentence.

■ Appellant initially raises the issue of the validity of the informations which contain the rubber stamp facsimile of the signature of the District Attorney. He argues that the informations are void because they were not signed by the District Attorney in accordance with Pa.R.Crim.P. 225(b) and, therefore, that all charges against him should be dismissed. While appellant raised this argument in his post-trial motions, he failed to raise the issue in his omnibus pre-trial motion. We recently held in a consolidated appeal addressing the rubber stamp issue that the failure of a defendant to file a pre-trial motion to quash the informations pursuant to Pa.R.Crim.P. 306 resulted in a waiver of the issue on appeal. *Commonwealth v. Veneri* and *Commonwealth v. Thomas*, 306 Pa.Super. 396, 404, 452 A.2d 784, 788 (1982). We held there that "the signature requirement of Pa.R.Crim.P. 225(b) is directory only and that its absence renders an information merely voidable and curable by amendment if properly raised in a pre-trial motion to quash. Pa.R.Crim.P. 306". *Id.* Therefore, we conclude that appellant, by failing to raise the validity of the rubber stamp information in a pre-trial motion, has waived this issue.

Appellant next contends that the evidence was insufficient to sustain his convictions of attempted rape, aggravated assault, terroristic threats and crimes committed with firearms. We shall address these contentions seriatim.

The Supreme Court recently stated in *Commonwealth v. Young*, 494 Pa. 224, 228, 431 A.2d 230, 232 (1981):

The well-established test for reviewing the sufficiency of the evidence is:

'[w]hether, accepting as true all the evidence and all [the] reasonable inferences therefrom upon which if believed the [finder of fact] could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes for which he has been convicted.' *Commonwealth v. Bayard,* 453 Pa. 506, 509, 309 A.2d 579, 581 (1973); *Commonwealth v. Paquette,* 451 Pa. 250, 301 A.2d 837 (1973). In this regard it must be noted that the finder of fact has the right to reject part or all of the [witness'] testimony even if uncontradicted. *Commonwealth v. Chermansky,* 430 Pa. 170 at 174, 242 A.2d 237 at 240.

*Commonwealth v. Taylor,* 461 Pa. 557, 560, 337 A.2d 545, 546 (1975), quoting *Commonwealth v. Coleman,* 455 Pa. 508, 510, 318 A.2d 716, 717 (1974).

■ Appellant contends that the testimony of the victims fails to reveal any evidence which would indicate that the appellant had an intention to commit the crime of rape. While we are aware that appellant did not, himself, remove any of the female victim's clothing or succeed in touching her private parts, or complete any act which would suggest that he intended to remove his own clothing, we, nevertheless, believe that there was sufficient evidence presented to sustain his conviction of criminal attempt to commit rape. The Crimes Code defines criminal attempt as follows:

Section 901. Criminal Attempt

(a) Definition of Attempt. A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime.

18 Pa.C.S.A. § 901(a).

■ The elements of the crime of attempt are, thus, (1) an intent to commit a specific crime; and (2) any act constituting a substantial step toward the commission of that crime. *Commonwealth v. Fierst,* 257 Pa.Super. 440, 390 A.2d 1318 (1978). We stated, in *Commonwealth v.*

*Gilliam,* 273 Pa.Super. 586, 589–590, 417 A.2d 1203, 1205 (1980) that:

> [t]he substantial step test broadens the scope of attempt liability by concentrating on the acts the defendant has done and does not any longer focus on the acts remaining to be done before the actual commission of the crime.

The assertion of the appellant that the facts do not indicate an intent on his part to commit rape overlooks the established law of this Commonwealth that such an intent may be inferred from the actions of the defendant in light of all attendant circumstances. *Commonwealth v. Hornberger,* 441 Pa. 57, 270 A.2d 195 (1971); *Commonwealth v. White,* 229 Pa.Super. 280, 323 A.2d 757 (1974). We believe that the facts outlined establish a more than sufficient basis to have allowed the jury to infer that the appellant intended to rape the woman and that these acts were clearly sufficient to constitute the substantial step toward the commission of the crime. The goal oriented nature and sequence of the actions of appellant confirm this conclusion. The primary interest of appellant, as evidenced by his overt behavior throughout the incident, was directed toward the partially nude young woman. The only interest of appellant in the male victim was to restrain him so as to prevent him from aiding the woman. Only the resistance of the young woman, together with that of her companion, forestalled the criminal aim of appellant. We conclude that the evidence was sufficient to allow the jury to infer that appellant intended to commit rape. *See* 18 Pa.C.S.A. § 3101.

Appellant further asserts that there was insufficient evidence presented to sustain the conviction upon two counts of aggravated assault against the young man and the young woman. There is no merit to this contention. Aggravated assault is defined at 18 Pa.C.S.A. § 2702(a)(4) as follows:

2702 Aggravated Assault

(a) Offense defined. A person is guilty of aggravated assault if he:

\*  \*  \*  \*  \*  \*

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon.

Appellant claims initially that since there was no evidence to show that appellant intentionally or knowingly caused bodily injury to the young man with a deadly weapon he could not have been found guilty of this charge. However, the young man testified that during his struggle with the appellant, he heard the gun click "a couple of times". (N.T. 41, 42). We held, in *Commonwealth v. Bond,* 261 Pa.Super. 311, 396 A.2d 414 (1978), that where the defendant and a bar owner became involved in a struggle and the gun of the defendant clicked several times while it was pointed at the bar owner, the evidence was sufficient to show an aggravated assault on the bar owner notwithstanding the fact that the gun was not actually loaded. We conclude, therefore, that the actions of appellant in the instant case were sufficient to sustain the conviction of appellant for the count of aggravated assault upon the male victim. The hand injury sustained by the woman, when struck with the weapon while shielding her head from a blow from that weapon during her struggle with appellant, was sufficient under the statutory definition to sustain the conviction of appellant for the count of aggravated assault upon her. *See Commonwealth v. Kibe,* 258 Pa.Super. 353, 392 A.2d 831 (1978).

Appellant next argues that there was insufficient evidence introduced at trial to sustain the conviction of appellant of terroristic threats as to the male victim. We find no merit to this argument. Appellant employed both physical and verbal menace during the incident. He told the two victims, while pointing a gun at them, not to talk or he would shoot. As we stated in *Commonwealth v. Ashford,* 268 Pa.Super. 225, 229, 407 A.2d 1328, 1329 (1979), "even a single verbal threat might be made in such terms or circumstances as to support the inference that the actor intended to terrorize or coerce." *See also Commonwealth v. Ferrer,* 283 Pa.Super. 21, 423 A.2d 423 (1980). The fact that the male victim became aware during the ensuing

struggle over the gun that it was probably unloaded or inoperative does not affect the result since "the present ability to inflict such harm is not *sine qua non* of a conviction under 18 Pa.C.S.A. § 2706." *Commonwealth v. Ashford, supra,* 268 Pa.Super. at 231, 407 A.2d at 1330. We conclude that the evidence was sufficient to sustain the conviction of appellant for the count of the information charging terroristic threats against the male victim.

■ Appellant next contends that the evidence was insufficient to sustain his conviction of 18 Pa.C.S.A. § 6103, charging crimes committed with firearms. It is clear that appellant was unlawfully convicted of a violation of this section for the reason that the enactment, 18 Pa.C.S.A. § 6103, was not intended to create a separately punishable crime under the Uniform Firearms Act, *see Commonwealth v. Simpson,* 302 Pa.Super. 287, 293, 448 A.2d 640, 643 (1982), *Commonwealth v. Turner,* 265 Pa.Super. 486, 402 A.2d 542 (1979), and we, therefore, vacate the suspended sentence imposed thereon. *Cf. Commonwealth v. Brown,* 290 Pa.Super. 448, 454, 434 A.2d 838, 840–41 (1981) (held that suspended sentence for merged offenses must be vacated); *Commonwealth v. Richardson,* 232 Pa.Super. 123, 334 A.2d 700 (1975) (accord).

Appellant further contends that 18 Pa.C.S.A. § 2706 defining the offense of terroristic threats is so vague and indefinite in its definition as to be unconstitutional. We rejected this argument in *Commonwealth v. Green,* 287 Pa.Super. 220, 429 A.2d 1180 (1981), concluding that the statute described the category of unlawful activity with sufficient precision as to place a person charged with such an offense on notice as to what conduct was proscribed by the statute and thus held the statute was not unconstitutionally vague.

Appellant also contends that his conviction for the count of the information charging aggravated assault upon the young woman should be arrested since the assistant district attorney, prior to trial, withdrew the aggravated assault count lodged under 18 Pa.C.S.A. 2702(a)(1), the only count

charging the aggravated assault of the young woman. There is no merit to this argument. The record indicates that the trial court permitted an amendment of the information charging appellant with aggravated assault of both victims. The original information charging aggravated assault of the man and the woman had two counts, one for each victim, with four paragraphs in each; paragraphs two, three and four in each count had been crossed out and the trial judge subsequently granted a motion to amend the information so that each count would include paragraph one as well as paragraph four. Later, during the course of trial, the Commonwealth moved to withdraw paragraph one of both counts of the information, leaving intact paragraph four of each count in the information charging aggravated assault. Therefore, it is patently clear that there was an information before the jury charging the aggravated assault of the young woman.

■ Appellant proceeds to argue that the testimony elicited by the district attorney during cross-examination of appellant concerning the purchase of a gun by appellant, the serial numbers of which matched those on the weapon recovered at the scene of the crime, was inadmissible as evidence of prior criminal activity by appellant. Appellant contends that it was prejudicial for the prosecutor to refer during cross-examination of appellant to an application for firearms that appellant had completed in connection with the purchase of a handgun. The application at issue established that appellant, while employed in the sporting goods department of a department store, sold the very weapon introduced into evidence at trial, that he completed the application with a name other than his own and that he took possession of the weapon himself. Appellant now complains that it was error to admit this testimony since it was inadmissible evidence of prior criminal activity. We disagree.

> The prosecution generally may not introduce evidence that the defendant has committed other crimes as evidence of his guilt for the particular crime charged. *See,*

e.g., *Commonwealth v. Stanley,* 484 Pa. 2, 7, 398 A.2d 631, 633 (1979); *Smith v. LeFlore,* 293 Pa.Super. 149, 151, 437 A.2d 1250, 1252 (1981). The rule stems from a recognition that evidence of other crimes is likely to prejudice the finder of fact and create an emotional reaction effectually stripping the accused of the presumption of innocence because proving commission of one crime does not entail proof of another, but merely bad character which cannot support an inference of guilt. *See e.g., Commonwealth v. Spruill,* 480 Pa. 601, 391 A.2d 1048 (1978); *Commonwealth v. Roman,* 465 Pa. 515, 351 A.2d 214 (1976); *Commonwealth v. Allen,* 448 Pa. 177, 292 A.2d 373 (1972); *Commonwealth v. Wright,* 259 Pa.Super. 293, 393 A.2d 833 (1978). Special circumstances justifying exceptions to the general rule exist when the evidence of other crimes also tends to prove: (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan, or design embracing the commission of two or more crimes so related that proof of one tends to prove the other; or (5) the identity of the person committing the crime charged. *See e.g., Commonwealth v. Peterson,* 453 Pa. 187, 197–98, 307 A.2d 264, 269 (1973); *Commonwealth v. Wable,* 382 Pa. 80, 84, 114 A.2d 334, 336 (1955); *Commonwealth v. Hude,* 256 Pa.Super. 439, 442–43, 390 A.2d 183, 184–85 (1978). Additionally, evidence that a defendant has committed another crime may be admitted when it tends to show that the accused has attempted to conceal the commission of the crime charged or to escape its consequences. *Commonwealth v. Terrell,* 234 Pa.Super. 325, 339 A.2d 112 (1975). Even when one of these exceptions applies, however, the trial court must still balance the need for other crimes evidence against the potential prejudice to the accused. *See Commonwealth v. Ulatoski,* 472 Pa. 53, 63 n. 11, 371 A.2d 186, 191 n. 11 (1977); *Commonwealth v. Wright, supra* [259 Pa.Super.] at 299, 393 A.2d at 836; *Commonwealth v. Hude, supra* [256 Pa.Super.] at 445, 390 A.2d at 186.

*Commonwealth v. Hawkins*, 295 Pa.Super. 429, 437–38, 441 A.2d 1308, 1311–12 (1982). *See also Commonwealth v. Lee*, 297 Pa.Super. 216, 225–26, 443 A.2d 804, 808–809 (1982).

We believe that the challenged testimony elicited by the assistant district attorney during the cross-examination of appellant was, in view of the presentation of an alibi defense, highly relevant on the issue of the identity of appellant as the perpetrator of the crimes charged, and was, thus, admissible under the identity exception to the general rule of exclusion of other crimes evidence. "When the evidence is relevant and important to one of these [exceptions], it is generally conceded that the prejudicial effect may be outweighed by the probative value." *Id.* 295 Pa.Super. at 438, 441 A.2d at 1312, quoting *Commonwealth v. Peterson, supra* 453 A.2d at 198, 307 A.2d at 269–70. Here the balance was clearly tipped in favor of admitting the challenged evidence because of its highly probative value, and, therefore, we conclude that the Common Pleas Court did not err in allowing its admission.

We have carefully reviewed the record as well as the briefs of the parties and conclude that the remaining contentions raised by appellant are without merit and that we need not address them. We are constrained, however, to vacate the suspended sentence imposed for crimes committed with firearms, 18 Pa.C.S.A. § 6103, since that section of the Uniform Firearms Act merely provides that a violation of that Act does not merge with a crime of violence or an attempt to commit a crime of violence for purposes of sentencing, and does not itself constitute a separately punishable crime. *Commonwealth v. Simpson, supra; Commonwealth v. Turner, supra.* We need not remand for resentencing despite our vacation of the suspended sentence,[1] since it is apparent from our review of the sentencing proceeding that the trial judge did not intend to impose sentence for this "offense" and, thus, our action would not

1. See, *Commonwealth v. Brown*, supra 290 Pa.Super. at 454, 434 A.2d at 840–41, for general discussion on the continued viability of suspended sentences under the Sentencing Code, 42 Pa.C.S.A. § 9701 et seq.

affect the sentences imposed upon those offenses of which the appellant was lawfully convicted. *See Commonwealth v. Gonzales*, 297 Pa.Super. 66, 443 A.2d 301 (1982); *Commonwealth v. Senyszyn*, 266 Pa.Super. 480, 405 A.2d 535 (1979). We affirm the judgment of sentence imposed by the Common Pleas Court in all other respects.

So ordered.