469 A.2d 676

**COMMONWEALTH of Pennsylvania**

v.

**Strickland Joseph SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 30, 1983.

Filed Dec. 23, 1983.

Petition for Allowance of Appeal Denied April 18, 1984.

John H. Corbett, Jr., Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WICKERSHAM, ROWLEY and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the Judgment of Sentence entered on December 11, 1981 for the crimes of Rape (18 Pa.C.S.A. § 3121(1)), Statutory Rape (18 Pa.C.S.A. § 3122), Indecent Assault (18 Pa.C.S.A. § 3126(1)) and Corruption of Minors (18 Pa.C.S.A. § 6301).[1] We affirm in part and quash in part.

Appellant, Strickland Joseph Smith, questions the sufficiency of the evidence and the legality of the sentence. We find that neither claim justifies a reversal of the lower court's judgment order.

The facts, viewed in a light most favorable to the verdict winner, reveal that the 13-year-old victim, the appellant's stepdaughter of some 5½ years, was directed to her room on the evening of May 16, 1981. At the time, the mother was not present in the home and the victim's three brothers

---

1. A demurrer was sustained as to Terroristic Threats.

were in another section of the house. While escorting the victim up the stairs, the appellant struck her on the side of the head for crying. Once inside the bedroom, appellant closed the door, directed the victim to remove her shorts and panties and lie on the floor on her back. The victim then described how the appellant, for "about 15 to 20 minutes," had intercourse with her. During this incident, the victim testified that she complied with appellant's demands and did not offer any resistance "because [she] was scared."

After the assault, the victim was told by the appellant to wipe herself clean. She did so with a towel. Thereafter, the victim called her mother by phone and recounted what had occurred. The police were duly notified and appellant was arrested. Conviction followed trial by a jury of appellant's peers, despite his production of two alibi witnesses.

■ We find that the facts just recited, including the testimony of the victim's mother, police and criminalist, are supportive of a determination sustaining the appellant's convictions. *See Commonwealth v. Pride,* 252 Pa.Super. 34, 380 A.2d 1267 (1977) (victim's testimony concerning a rape is by itself sufficient to affirm a conviction).

As for appellant's sentencing claim, which we hold not to have been waived, *see Commonwealth v. Ford,* 315 Pa.Super. 281, 461 A.2d 1281 (1983), it is conceded by all concerned that the requirements of *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977) were met. However, appellant finds fault with the court's failure to "specif[y] as to what count or counts the sentence [of 5 to 20 years] was ordered." [2] (Appellant's Brief at 14) In other words, "[t]here is no mention any place on the record stating with specificity on what charge Mr. Smith is being sentenced." *Id.* at 13. Thus, appellant requests this Court to remand

**2.** Rape being a felony of the first degree, the judge had the authority to fix the sentence at not more than 20 years. 18 Pa.C.S.A. §§ 3107 & 1103. The judge could have set the minimum sentence at one-half the maximum, i.e., 10 years. *See* 42 Pa.C.S.A. § 9756(b). However, the minimum was fixed at 5 years. This will entitle the appellant to an earlier consideration for parole.

for proper sentencing and cites *Commonwealth v. Brown*, 290 Pa.Super. 448, 434 A.2d 838 (1981) for such a proposition.

In *Brown*, the accused had been convicted and sentenced to a concurrent term of 2½ to 10 years for Rape and Robbery. Sentence was suspended on the remaining convictions.

On 'appeal, Brown challenged the legality of the suspended sentence entered for Conspiracy and Unlawful Restraint on the ground that such an action was not covered under the Sentencing Code's alternative forms of punishment (42 Pa.C.S.A. § 9721). This Court, after examining the practice in this Commonwealth of imposing suspended sentences and the variety of approaches taken by the courts in justifying or condemning the subject, concluded that the record was deficient since it could "not know if the trial judge's intention was to *not sentence* as opposed to *sentence* of *no further penalty.*" (Emphasis in original) *Id.*, 290 Pa.Superior at 454, 434 A.2d at 841. Thus, the case was remanded for clarification by the trial judge as to exactly what he meant in issuing a suspended sentence.

We find *Brown* to be totally inapposite, for instantly *no* sentence (either suspended or otherwise) was entered by the trial judge for any offense other than Rape. This is quite evident from a review of the sentencing colloquy. For example, the trial judge first heard from the accused, who pleaded that he was "innocent of this crime[.]" The judge then made remarks concerning what factors weighed on his determination not to place the appellant on probation. Following this, the judge embarked on an extended discussion covering appellant's past, his character and the likelihood that the offense would be repeated if total confinement were not imposed. Immediately thereafter, the judge stated:

> One of the most important things, though, I have to take into consideration is the crime itself. Rape .... So, in deciding on your sentence, Mr. Smith, I find that probation is completely inappropriate, as it always would be, in

my opinion, in any rape case, particularly when it involves a little girl. I see no excuse for that at all. I think that your crime and the circumstances surrounding the commission of that crime demands correctional treatment, and that treatment can only be provided by a state institution. Any lesser sentence would depreciate the seriousness of this crime. Again, I think that anybody [who] commits a crime like this under the circumstances in which you committed this crime, you were trusted, somebody that apparently had some affection for you, this makes it all the worse. Therefore, Mr. Smith, it's the sentence of this Court that you be incarcerated in the State Correctional Institution of Pittsburgh for a period of from 5 to 20 years.

The sentencing hearing was then concluded with the court's advising the appellant of his right to appeal and of all the attendant matters which accompany such an advisement. Again, we wish to emphasize that no mention was made by the sentencing court as to the fate of the Statutory Rape, Indecent Assault and Corruption of Minors convictions as to sentencing.

Given the stated facts, we find the observations of this Court in *Commonwealth ex rel. Nagle v. Smith*, 154 Pa.Super. 392, 395, 36 A.2d 175, 176 (1944) instructive:

Relator was sentenced on one bill of indictment, and on the others to which he at the same time pleaded guilty the court took no action whatsoever. He was not remanded and held for sentence on the other bills, nor was sentence thereon suspended or temporarily deferred. The court might have imposed at the time separate sentences on each bill of indictment or separate sentences on each count of a bill of indictment. Sentence, however, was limited to one bill of indictment, and the court's power to sentence on such remaining indictments therefore expired with that term of·court, no power to sentence thereon having been preserved by any action of the court.

In the case at bar, as in *Smith*, the court had the opportunity to enter multiple sentences but did not do so. Moreover

though, here, our review of the record evidences that it was the court's intention to impose no more than the single sentence for Rape. Thus, although the appellant characterizes his appeal as from a judgment of sentence entered for all four convictions, in truth the law does not support such a contention because "the record fails to reveal any more (or other) 'final' judgment of sentence from which an appeal might properly have been taken." *Commonwealth v. Middleton*, 242 Pa.Super. 421, 428, 364 A.2d 342, 346 (1976).

■ As is well known, the judgment in a criminal case is the sentence and not the conviction; final judgment in a criminal case means sentence. *Commonwealth ex rel. Holly v. Ashe*, 368 Pa. 211, 82 A.2d 244 (1951). This impacts on the case at bar since no judgments (sentences) were imposed, specifically, by the judge as to the Statutory Rape, Indecent Assault and Corruption of Minors convictions. *Cf.* Pa.R.Crim.P. 1406(b) ("A sentence to imprisonment shall be deemed to commence and shall be computed from the date of commitment for the offense or offenses for which such sentence is imposed, which date shall be specified by the judge."); *Taylor v. Commonwealth of Pa., Bd. of Probation and Parole*, 36 Pa.Cmwlth. 625, 628, 388 A.2d 777, 779 (1978) ("... sentences are concurrent ... when the sentences are imposed by the same court ...."). Thus, the preceding offenses are not properly before this Court for review, inasmuch as no judgment of sentence was entered as to any of them. *See Commonwealth v. Ford, supra; Commonwealth v. Maguire*, 307 Pa.Super. 80, 452 A.2d 1047 (1982). However, we are not precluded from holding that the evidence was sufficient to support such convictions. *Commonwealth v. Ford, supra.*

■ In the present case, all four convictions concern a single incident in which the victim described the appellant as having no more than sexual intercourse with her. As a result, the record is clear that the trial judge treated them as a single offense when sentencing. Were we to remand, the same sentence would surely be given. *See Commonwealth v. Walker*, 468 Pa. 323, 330 n. 3, 362 A.2d 227, 230 n.

3 (1976) (Imposing multiple sentences for single criminal act is "beyond the power" of a sentencing court). Under these circumstances, "a remand would be a mere procedural exercise." *Commonwealth v. Burkley*, 297 Pa.Super. 400, 404 n. *, 443 A.2d 1182, 1184 n. * (1982), *quoting Commonwealth v. Grant*, 235 Pa.Super. 357, 366, 341 A.2d 511, 516 (1975). Accordingly, we need not remand for resentencing.

Judgment of sentence as to Rape is affirmed; to the extent that the appeal is from the convictions for Statutory Rape, Indecent Assault and Corruption of Minors, we quash.