478 A.2d 465

**COMMONWEALTH of Pennsylvania**

v.

**Richard A. HENCK, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1984.

Filed June 15, 1984.

Reargument Denied Aug. 7, 1984.

Petition for Allowance of Appeal Denied Jan. 7, 1985.

---

Paul S. Foreman, Altoona, for appellant.

Phillip D. Johns, Assistant District Attorney, Hollidaysburg, for Commonwealth, appellee.

Before POPOVICH, HOFFMAN and LIPEZ, JJ.

POPOVICH, Judge:

This is an appeal from a judgment of sentence of 6 to 23½ months imprisonment, imposed by the Court of Common Pleas of Blair County (per Judge Behrens) following a bench trial in which the appellant, Richard Henck, was found guilty of Recklessly Endangering Another Person.[1] 18 Pa.C.S.A. § 2705. We affirm.

The facts, viewed in a light most favorable to the verdict-winner, consist of the following: On February 27, 1982, at 8:27 p.m., Lieutenant Fred W. Schmidhammer was parked in the lot of the Central Pennsylvania National Bank, which is situated at the intersection of 16th Street and Third Avenue in the Borough of Duncansville, Blair County. He observed the appellant driving north on 17th Street and straight through the Third Avenue intersection. Because the intersection is regulated by numerous traffic control devices, which prohibit any kind of movement "other than a right turn," (N.T. 8/19/82 at 11), when the appellant drove "straight across" the intersection, Lieutenant Schmidhammer pursued with lights and siren operating.

Appellant came to a stop in the Dairy Queen driveway and was asked by the officer to produce a license, registration and proof of no-fault insurance. Appellant was not able to produce any such identification, and, despite his protestation that "he was in a hurry to go to the hospital because his baby was" there (N.T. 8/19/82 at 13), the officer informed him that he would have to remain in the vehicle until the operator's status was checked with headquarters.

---

1. At the same proceeding, appellant was found guilty of driving while his operating privileges were suspended (1 year probation; 75 Pa.C. S.A. § 6503); fleeing or attempting to elude police ($200 fine; 75 Pa.C.S.A. § 3733(a)); failing to obey traffic control devices ($25 fine; 75 Pa.C.S.A. § 3323(b)); not driving his vehicle at a safe speed ($25 fine; 75 Pa.C.S.A. § 3361). Appellant does not question the sufficiency of the evidence as to these offenses.

It requires mention that the appellant also was charged with five (5) additional motor vehicle violations arising out of the incident in question, but the Commonwealth's attorney *nolle prosequi* these at the time of trial. (N.T. 8/19/82 at 8–9)

After the officer went back into his automobile, "the defendant put his car in gear and proceeded to move away." (N.T. 8/19/82 at 14)  In particular, the officer testified that:

... the defendant drove very erratically, accelerated very fast on the entrance drive to Dairy Queen.  He turned right onto 16th Street ... heading south coming onto Third Avenue, Route 22 ..., there's a stop sign there. He disregarded the stop sign and accelerated very rapidly across Third Avenue and proceeded south on 16th Street in the borough of Duncansville.  (N.T. 8/19/82 at 14–15)

As just recounted by the officer, when the appellant drove south on 16th Street, he drove through an intersection controlled by a stop sign.  In doing so, appellant "drove in front of" several vehicles coming off of a roadway controlled by a light, known as the Duncansville intersection—which is a point in the highway located before the intersection of 16th Street and Third Avenue.  However, there were several vehicles traveling east on Third Avenue, while a few were approaching the intersection from the opposite direction, i.e., west bound.  As the officer recalls the scene:

Two vehicles had to stop that were headed east bound. The first, what I would call the lead vehicle, which would be closest to Mr. Henck's vehicle braked very rapidly. The second vehicle behind braked very rapidly, just narrowly missing a rear-end collision at that point in time. (N.T. 8/19/82 at 15)

Furthermore, on cross-examination, the officer indicated that when the appellant drove through the stop-sign-controlled-intersection, if the appellant had been traveling any slower "there would have been a collision."  (N.T. 8/19/82 at 24)  Even so, it was but a "narrow miss" that an accident did not occur, for when the first vehicle applied its brakes to avoid striking the appellant on the side, "the front end dived down."  *Id.*

The appellant was chased for over three-quarters of a mile by the officer, at speeds approaching 65–70 m.p.h. on a 35 m.p.h. posted road, before he was apprehended outside

the borough of Duncansville. After hearing the aforementioned evidence, the trial judge found the appellant guilty of recklessly endangering another person, as well as other summary offenses. *See* note 1, *supra.*

On appeal, counsel for the appellant argues that the "evidence does not support the conclusion, *beyond a reasonable doubt,* that his [client's] conduct placed or may have placed another person in danger of death or serious bodily injury." (Appellant's Brief at 13)

In support of such a claim, appellant's counsel directs us to *Commonwealth v. Thompson,* 292 Pa.Super. 108, 436 A.2d 1028 (1981), which is the only case to touch upon the issue at hand by reversing and remanding a reckless endangerment conviction. Further, counsel points out that "... there is no evidence of the speed of the defendant's vehicle at the time he crossed Route 22 [—also known as Third Avenue;] ... no evidence of any injury to any person[;] ... no evidence of any person being thrown about in any vehicle so as to raise the risk of serious bodily injury or death [; and, lastly,] ... no evidence of the distance between the defendant's vehicle and the two east-bound vehicles." (Appellant's Brief at 15)

Thus, counsel postulates, "[i]f this conviction stands, it is hard to imagine any case where a person convicted of reckless driving could not also be convicted of reckless endangerment." *Id.* at 16.

We disagree with appellate counsel's hypothesis, for its premise does not withstand the light of scrutiny, be it in a case law context or in a factual setting.

The statute which appellant complains he did not contravene, beyond a reasonable doubt, reads:

Recklessly endangering another person

A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

Act of 1972, December 6, P.L. 1482, No. 334, § 1, effective June 6, 1973; 18 Pa.C.S.A. § 2705.

*Commonwealth v. Thompson, supra,* which is offered by the appellant in support of his claim, is unpersuasive.

In *Thompson,* the facts reveal that the accused was traveling at an excessive speed, "bottomed out" his vehicle, lost control and caused injury to his passenger, himself and the driver of another vehicle while going through an underpass. Thompson was taken to a hospital and purportedly initialed a consent form to have his blood tested for alcohol. At a suppression hearing, the court denied appellant's contention that the blood test was not voluntarily secured.

At trial, evidence of Thompson's intoxication was introduced into evidence, and he was convicted of driving while intoxicated and recklessly endangering another. On appeal, a panel of this Court, in a per curiam Opinion, concluded that the seizure of the blood was constitutionally infirm. This had a direct bearing on the *Thompson* Court's determination of sufficiency as to the recklessly endangerment conviction; viz.:

> Finally, appellant asserts that the trial court had insufficient evidence upon which to convict him of recklessly endangering another. The Commonwealth was required to prove beyond a reasonable doubt that the appellant acted in a manner which involved a conscious disregard of risk.[1]
>
> *        *        *        *        *        *
>
> The evidence had at trial which we have not already held impermissibly admitted—the blood test results—included evidence that Thompson was driving at a high speed, that his car "bottom[ed] out" while passing through an underpass and that a passenger in his car, the driver of another car and he were injured. There [sic] are all circumstantial facts upon which the trial court may base its verdict only where: " 'the theme of guilt must flow from the facts and circumstances proved and be consistent with them all.' *Commonwealth v. Clinton,* 391 Pa. 212, 218, 137 A.2d 463, 466 (1958)." As appears

in *Commonwealth v. Simpson,* 436 Pa. 459, 260 A.2d 751 (1970).

In light of our determination that the blood test results were improperly admitted into evidence, we are unable to find, from a reading of the entire record, that the trial court drew its decision from facts and circumstances consistent with a finding of guilt beyond a reasonable doubt. Thus, it did not have sufficient evidence to reach its decision.

---

[1] 18 P.S. 2705, 18 P.S. 302(3).

*Id.,* 292 Pa.Superior Ct. at 116–117, 436 A.2d at 1032–1033.

■ What is to be gleaned from the preceding is that proof of the "conscious disregard of risk" is a *sine qua non* to a conviction under Section 2705. Since this element of culpability ("recklessness") encompasses a *"conscious* disregard of a substantial and unjustifiable risk ... *known* to [the actor,]" 18 Pa.C.S.A. § 302(b)(3), the Court's finding in *Thompson* that the accused's *"conscious,* voluntary consent [was] improbable" as to the blood test, *a fortiori* it had no choice but to find the absence of the same element necessary to substantiate a conviction for recklessly endangering another person.

■ Instantly, unlike in *Thompson,* we have no evidence to indicate that Richard Henck was not conscious that he had disregarded a stop sign at the Duncansville intersection and "narrowly missed" causing a collision with at least one vehicle traveling east-bound on Third Avenue. It was only the defensive driving of the lead vehicle and trailing vehicle that averted a serious accident and not, as counsel for the appellant would have us believe, the excessive speed at which the accused was moving.

Based on the proximity of the vehicles and the speed at which the appellant was traveling through a controlled intersection, we have no hesitation in concluding that Henck "recklessly engage[d] in conduct which place[d] or may [have] place[d] another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705. A contrary conclusion would be to allow the appellant, and those in his stead, to

act with impunity when the particular circumstances warrant otherwise.

As was so aptly articulated by the sentencing court, "the lack of respect for the safety of others on a busy highway ... [ ]as exemplified by this defendant is absolutely intolerable ...." (N.T. 12/2/82 at 13)

Lastly, to appellant's counsel's prophetic remarks that henceforth a person *convicted* of reckless driving could also be *convicted* of reckless endangerment, we direct his attention to the fact that: 1) an appeal is from a *judgment* of sentence and not a conviction, *see Commonwealth v. Smith*, 322 Pa.Super. 389, 469 A.2d 676 (1983); *Commonwealth v. Ford*, 315 Pa.Super. 281, 461 A.2d 1281 (1983); and 2) if such were to occur out of a "single act," sentences on both would be prohibited. *See Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227 (1976); *Commonwealth ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 21 A.2d 920 (1941).

Judgment of sentence affirmed.

LIPEZ, J., concurred in the result.