J-S84013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES MCCLAIN | |
| Appellant | No. 3363 EDA 2015 |

Appeal from the Judgment of Sentence October 7, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011937-2014
CP-51-CR-0011938-2014

BEFORE: OLSON, SOLANO and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 20, 2016**

Appellant, James McClain, appeals from the judgment of sentence entered on October 7, 2015. We affirm.

The factual background and procedural history of this case are as follows. In the early morning hours of September 21, 2014, Officers Alexander Montes and Lisamarie Keleman responded to a report of vandalism. While the officers spoke with the complainant, Appellant violently struck the complainant's vehicle and then fled on foot. When Officers Montes and Keleman located Appellant a short time later, he once again fled on foot. The officers pursued him in their patrol car.

Soon, Officer Montes exited the patrol car and began pursuing Appellant on foot. When Officer Montes caught Appellant, he refused to be

_____
* Retired Justice specially assigned to the Superior Court

handcuffed. Instead, he choked Officer Montes for approximately 15 seconds and then slammed Officer Montes into the concrete sidewalk, pinned him down, and elbowed and kicked him. Eventually, backup arrived and four officers subdued Appellant.

The Commonwealth charged Appellant via criminal information with aggravated assault,[1] simple assault,[2] recklessly endangering another person ("REAP"),[3] resisting arrest,[4] and criminal mischief.[5] On July 28, 2015, Appellant was convicted of all five offenses. On October 7, 2015, the trial court sentenced Appellant to an aggregate term of 9 to 18 months' imprisonment. This timely appeal followed.[6]

Appellant presents one issue for our review:

Was not the evidence insufficient as a matter of law to sustain [A]ppellant's conviction for [REAP] where no person was placed in danger of death or serious bodily injury and where it was not proven that [A]ppellant had a conscious disregard for a known risk of such danger?

Appellant's Brief at 2.

---

[1] 18 Pa.C.S.A. § 2702(a).

[2] 18 Pa.C.S.A. § 2701(a).

[3] 18 Pa.C.S.A. § 2705.

[4] 18 Pa.C.S.A. § 5104.

[5] 18 Pa.C.S.A. § 3304(a)(2).

[6] The trial court did not order Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b).

"Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Walls***, 144 A.3d 926, 931 (Pa. Super. 2016) (citation omitted). "In assessing Appellant's sufficiency challenge, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that the Commonwealth proved [each] element of the crime beyond a reasonable doubt." ***Commonwealth v. Ansell***, 143 A.3d 944, 949 (Pa. Super. 2016) (citation omitted). "The evidence need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." ***Commonwealth v. Ford***, 141 A.3d 547, 552 (Pa. Super. 2016) (citation omitted).

In order to convict a defendant of REAP, the Commonwealth must "establish that the defendant's conduct placed or may have placed another in danger of serious bodily injury or death." ***Commonwealth v. Cordoba***, 902 A.2d 1280, 1289 (Pa. Super. 2006) (citation omitted). Furthermore, "the evidence must establish that the defendant acted recklessly. . . . A person acts in a reckless manner when he consciously disregards a substantial and unjustifiable risk." ***Commonwealth v. Vogelsong***, 90 A.3d 717, 719 (Pa. Super. 2014), *appeal denied*, 102 A.3d 985 (Pa. 2014) (internal citations omitted).

Appellant argues that his actions did not put Officer Montes at risk of serious bodily injury or death. He focuses on the fact that Officer Montes was able to walk to his patrol car after the incident and was quickly released from the hospital. Furthermore, Appellant argues that the fact Officer Montes was no longer in pain at the time of trial proves he was not seriously injured. This argument is flawed, however, because the focus of our inquiry is not whether Officer Montes suffered serious bodily injury or death. *See Commonwealth v. Lawton*, 414 A.2d 658, 662 (Pa. Super. 1979) ("[T]he mere fact that the victim only sustained minor injuries and did not sustain 'serious bodily injury' does not *ipso facto* establish that [the defendant's] actions did not place others in danger of such injury."). Instead, our inquiry is whether Appellant's actions placed Officer Montes at risk of serious bodily injury or death. Slamming Officer Montes to the concrete sidewalk placed him at risk of serious bodily injury or death.[7] If Officer Montes struck his head, he could have suffered a concussion and a concussion is a serious bodily injury. *See Commonwealth v. Rife*, 312 A.2d 406, 409 (Pa. 1973). Accordingly, there was sufficient evidence that Appellant's actions placed Officer Montes at risk of serious bodily injury or death.

---

[7] Appellant contends that Officer Montes wrestled him to the ground. *See* Appellant's Brief at 11. Officer Montes testified, however, that Appellant slammed him into the concrete. N.T., 7/28/15, at 7.

Appellant next argues that there was insufficient evidence to prove that he acted with sufficient recklessness. He argues that he was merely attempting to elude arrest and was not attempting to place Officer Montes at risk of serious bodily injury or death. This argument is without merit. In this case, Appellant did not merely resist arrest. Instead, after Officer Montes wrapped his arms around him, Appellant slammed Officer Montes into the concrete sidewalk. *See* N.T., 7/28/15, at 7. Appellant's action reflects a conscious choice to disregard the substantial and unjustifiable risk that slamming Officer Montes into the concrete would place the officer at risk of serious bodily injury. Moreover, attempting to avoid arrest does not shield a defendant from being convicted of REAP. *See Commonwealth v. Picchianti*, 600 A.2d 597, 598 (Pa. Super. 1991), *appeal denied*, 609 A.2d 168 (Pa. 1992); *Commonwealth v. Henck*, 478 A.2d 465, 467 (Pa. Super. 1984). Accordingly, there was sufficient evidence to convict Appellant of REAP.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/2016