**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Joshua PASLEY, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 27, 1999.

Filed Dec. 20, 1999.

Clayton A. Sweeney, Jr., Philadelphia, for appellant.

Karen A. Everdale, Philadelphia, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before JOHNSON and STEVENS, JJ., and CIRILLO, President Judge Emeritus.

STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County following Appellant's conviction on the charges of attempted sexual assault and corruption of minors. On appeal, Appellant's sole contention is that the evidence was insufficient to sustain his conviction for attempted sexual assault.[1] In this case of first impression, we affirm.

¶ 2 "The law is settled in this Commonwealth that in reviewing the sufficiency of the evidence, the appellate court is required to review all the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, ... [as verdict winner]." *Commonwealth v. Earnest*, 386 Pa.Super. 461, 563 A.2d 158, 159 (1989) (citation omitted). The test is whether the evidence, thus viewed, is sufficient to prove guilt beyond a reasonable doubt. *Id.* "The facts and circumstances presented at trial need not preclude every possibility of innocence." *Commonwealth v. Prince*, 719 A.2d 1086, 1088 (Pa.Super.1998) (citation omitted).

¶ 3 Using the aforementioned standard, the evidence adduced at trial, together with all reasonable inferences in favor of the Commonwealth, discloses the following: The fifteen-year-old victim met Appellant at a teenage dance club. While talking, the victim told Appellant that she was fifteen years old, and Appellant told the victim that he was eighteen years old and that he was a senior at the William Penn High School. However, Appellant was actually twenty-five years old and had graduated from high school. At some point during the evening, Appellant asked the victim whether he could take her to

---

1. Appellant does not challenge the sufficiency of the evidence with regard to his conviction for corruption of minors.

breakfast, and she replied that she would go if her two friends could accompany her. Appellant said "no" and gave the victim his telephone number.

¶ 4 The victim telephoned Appellant two times thereafter, and they made plans to meet on March 9, 1998. Specifically, Appellant invited the victim to his apartment to play cards and watch television, and the victim accepted the invitation, assuming that Appellant's mother would be home. When the victim arrived at Appellant's home, she realized that Appellant's mother was not there, but she decided to stay. She and Appellant proceeded to Appellant's bedroom and began playing cards and watching television. At some point, Appellant put his hand on the victim's knee, and she asked him to remove it. Appellant again put his hand on the victim's knee, and the victim stood so that she could leave the room. Appellant, who was wearing a pair of shorts only, pushed the victim onto the bed and pushed up her shirt and bra; he then tried to unbutton the victim's pants. During the struggle, the victim scratched and punched Appellant's face. Realizing that he was bleeding, Appellant rolled off the victim and told her to leave. The victim immediately left the apartment.

¶ 5 While walking to the lobby, the victim stopped a janitor, told her that someone had tried to rape her, and asked if she could telephone the police. The janitor indicated that there was a telephone in the lobby, and the victim proceeded thereto. Once in the lobby, the victim saw a Housing Authority Police Officer and told him about the incident. While speaking to the officer, the victim spotted Appellant in the fire stairwell and identified him. Appellant ran when he realized that the officer was looking at him.

¶ 6 The officer took the victim to the Philadelphia Police Department's sex crimes unit, and Appellant was later arrested, charged, and tried in connection with the incident. Appellant was sentenced to five to ten years imprisonment for the attempted sexual assault conviction and five years probation for the corruption of a minor conviction, the sentences to run consecutively. Appellant filed a timely post-sentence motion, which was denied by operation of law, and a timely direct appeal to this Court followed. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement, such Statement was filed, and the trial court filed a 1925(a) Opinion.[2]

¶ 7 Criminal attempt is defined at 18 Pa.C.S.A. § 901 as follows: "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." This Court has held that the elements of criminal attempt are (1) an intent to commit a specific crime, and (2) any act constituting a substantial step toward the commission of that crime. *Commonwealth v. Spetzer*, 722 A.2d 702 (Pa.Super.1998).

¶ 8 The crime of sexual assault is defined at 18 Pa.C.S.A. § 3124.1 as follows: "[e]xcept as provided in section 3121 (relating to rape) or 3123 (relating to involuntary deviate sexual intercourse), a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a

**2.** Pennsylvania Rule of Appellate Procedure 1925 provides:

(a) **General Rule.** Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion. . . .

(b) **Direction to File Statement of Matters Complained of.** The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

Pa.R.A.P.1924(a), (b).

complainant without the complainant's consent."[3]

■ ¶ 9 Here, Appellant contends that there is insufficient evidence to establish (1) that he intended to commit sexual intercourse or deviate sexual intercourse with the victim, (2) that he took a substantial step towards the commission of the crime, or (3) that the victim did not consent to his actions. Appellant's claims are meritless.

¶ 10 For instance, the victim testified that Appellant, who was only wearing shorts, threw the victim on his bed, straddled her, pushed up her shirt and bra to her neck, and attempted to unbutton her pants. The victim scratched and punched Appellant until he began to bleed, and he then told her to leave. We find that this evidence is sufficient to meet all of the elements challenged by Appellant.

■ ¶ 11 We note that merely because Appellant did not directly state that he was going to have intercourse with the victim does not negate Appellant's intent. To the contrary, intent may be shown by circumstantial evidence. See Commonwealth v. Chance, 312 Pa.Super. 435, 458 A.2d 1371 (1983) (holding that specific intent may be inferred from the words or the actions of the defendant in light of all attendant circumstances).

¶ 12 Moreover, it is clear that Appellant took substantial steps toward sexually assaulting the victim and that the only reason Appellant did not succeed was because the victim was strong enough to forestall Appellant's criminal objective. See Chance, supra (holding that evidence was sufficient to establish that the appellant

attempted to rape the victim). Finally, not only did the victim testify that she asked Appellant to remove his hand from her knee, she testified that she punched and scratched Appellant during the incident. The victim's conduct clearly showed her lack of consent to Appellant's overtures and to suggest otherwise is absurd. See Prince, supra (finding that there was sufficient evidence to establish that the victim did not consent to sexual intercourse, and, therefore, the defendant was guilty of sexual assault).

¶ 13 For all of the foregoing reasons, we affirm.

¶ 14 Affirmed.

¶ 15 President Judge Emeritus CIRILLO joins and files a concurring statement.

CIRILLO, President Judge Emeritus, concurring:

¶ 1 I join in the majority's opinion fully, but I wish to add the following brief comments in order to make explicit what I believe is already implicit in the majority's reasoning. We do not today hold that every indecent assault is an attempted sexual assault, but only that the one before us is.

¶ 2 Pasley was convicted of attempted sexual assault and corruption of minors, as acknowledged by the majority. He was sentenced on each of these convictions. In the same proceeding, however, he was also convicted of indecent assault and simple assault, violations of 18 Pa.C.S. §§ 3126 and 2701, respectively.[4] I believe it is important to acknowledge this fact in light

---

3. We note that 18 Pa.C.S.A. § 3124.1 is a newly enacted statute, which was drafted in response to the Pennsylvania Supreme Court's decision in Commonwealth v. Berkowitz, 537 Pa. 143, 641 A.2d 1161 (1994). The statute is intended to fill the loophole left by the rape and involuntary deviate sexual intercourse statutes by criminalizing non-consensual sex where the perpetrator employs little if no force. See Prince, supra.

4. Pasley was not sentenced separately on these offenses. He had also been charged with attempted rape, but the judge conducting the bench trial granted a defense motion for judgment of acquittal on that charge after finding insufficient evidence of forcible compulsion.

of the clarification of the law today's case provides.

¶ 3 This case involves the distinctions between the crimes of indecent assault and attempted sexual assault. Crimes such as these are a scourge upon our society, and we should countenance no legal loophole diminishing or downgrading any variety of them. Today this court makes it clear that, under our existing criminal statutes, what Pasley did may be punished more severely than as provided in the indecent assault statute, even where, as here, there was insufficient evidence of forcible compulsion to support a conviction of attempted rape.

¶ 4 Attempted sexual assault and indecent assault are graded differently, leading to a difference in allowable penalties. Indecent assault is graded as a second-degree misdemeanor (unless the victim is under the age of 13), and such a crime carries a longest allowable minimum sentence of one year of imprisonment, plus a $5,000.00 fine. 18 Pa.C.S. §§ 3126, 1104. In contrast, attempt under section 901 of the Crimes Code takes on the grading of the most serious crime which was attempted, and sexual assault is a second-degree felony. 18 Pa.C.S. §§ 905, 3124.1. The longest allowable minimum sentence for a second-degree felony is five years of imprisonment, plus a $25,000.00 fine. 18 Pa.C.S. § 1103.

¶ 5 The differences in grading and sentencing between these crimes are a reflection of the differences in their elements. Indecent assault involves indecent contact under a listed variety of circumstances, including the absence of the victim's consent.[5] 18 Pa.C.S. § 3126. That crime requires no proof of an intentional and substantial step toward achieving non-consensual sexual intercourse with the victim. Attempted sexual assault does require such proof. An act constituting indecent assault may well be, in part, proof of a substantial step toward that objective, as it was here.

¶ 6 The evidence together with all the inferences more than supports the conviction in this particular case. Therefore, with the above clarification, I join the majority.

---

5. "Indecent contact" is defined at 18 Pa.C.S. § 3101: "Any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person." Pasley does not question the propriety of his conviction for this offense. He questions only the sufficiency of the evidence for attempted sexual assault.