J-S31004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM FRANKLIN MITCHELL, | |
| Appellant | No. 1734 MDA 2014 |

Appeal from the Judgment of Sentence Entered May 29, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003085-2013

BEFORE:  BENDER, P.J.E., ALLEN, J., and WECHT, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 26, 2015**

William Franklin Mitchell (Appellant) appeals from the May 29, 2014 judgment of sentence of an aggregate term of 4 to 8 years' incarceration after being found guilty at a bench trial of sexual assault[1] and corruption of minors.[2]  Appellant now challenges the sufficiency and weight of the evidence supporting his convictions and the trial court's discretion in the exclusion of certain evidence.  After careful review, we affirm the judgement of sentence.

The trial court set forth a factual summary of this matter as follows:

> On the morning of May 1, 2013, [Appellant] exchanged messages with S.R. [the victim], with whom he was friends, and

---

[1] 18 Pa.C.S. § 3124.1.

[2] 18 Pa.C.S. § 6301(a)(1)(ii).

urged her to leave school to hang out with him, drink alcohol and smoke marijuana. S.R. agreed to leave school early and met [Appellant] at a bridge near the school. Before they met, [Appellant] asked S.R., "You are coming by yourself, right? Not with nobody else?" S.R. did not know they were going to Mr. Rivera's [Appellant's Co-Defendant at trial] home or that they would be renting a motel room.

[Appellant] and S.R. walked to Mr. Rivera's home, where they started drinking alcohol and smoking marijuana. S.R. stated she drank approximately half a bottle of brandy and was intoxicated. At one point, [Appellant] left Mr. Rivera's residence to get more alcohol, leaving S.R. alone with Mr. Rivera. Mr. Rivera began pressuring S.R. for oral sex, which made her feel uncomfortable, and she sent a message to [Appellant] telling him that Mr. Rivera was "creeping [her] out." [Appellant] replied, promising her he would take care of it.

When [Appellant] returned to Mr. Rivera's house, S.R. and Mr. Rivera left. Mr. Rivera purchased Xanax pills and rented a room at the Ephrata Motel, where S.R. thought they were going to drink. S.R. took some Xanax pills and was feeling intoxicated as a result of the alcohol, marijuana and Xanax. S.R. testified that while in the motel room, Mr. Rivera assaulted her, engaging in anal intercourse without her consent. As a result, she was physically hurt, bleeding and had fecal matter coming out of her. S.R. went into the small shower to clean up, and Mr. Rivera assaulted her again in the shower by forcing her to have oral intercourse with him.

S.R. was seated on the floor in the corner of the shower with her head down when [Appellant] entered the bathroom. She testified that [Appellant] "forced [her] to do the same thing [have oral sex with him]" and engaged in anal intercourse with her. She testified that she was in pain and felt betrayed, powerless and used since she "was blocked in the shower with nowhere to go," and that she did not tell [Appellant] to stop because "at that point [she] had given up."

S.R. left the bathroom to get her clothes, returned to the bathroom to get dressed and then returned to the room and sat on the bed, where Mr. Rivera assaulted her a third time. S.R. got dressed again and [Appellant] came back into the motel room with a third man, who tried to remove her clothing. When

the third man attempted to remove her clothing, S.R. resisted and left the motel room.

During the course of the incident, S.R. had been sending text messages to Joseph Klepchick telling him what was happening. Mr. Klepchick met S.R. across the street after she left the motel room. When S.R. met Mr. Klepchick, she was crying and screaming at [Appellant] to get away from her. [Appellant], who was walking about 10 feet behind S.R., told Mr. Klepchick that "he wasn't going to go down for this. He wasn't going to go down for rape." The next day, [Appellant] sent a text message to S.R. and apologized to her, stating "I didn't think it would go down the way it did."

On cross-examination, S.R. admitted she voluntarily left school on May 1, 2013, to drink with [Appellant], and that she was not forced or threatened to drink, smoke marijuana, or consume Xanax.

On May 2, 2013, after the incident was reported, police took photographs of the motel room and collected evidence, including the towels and bed linens. The shower in the motel bathroom was approximately three feet by three feet, but the entrance was partially blocked by the bathroom sink which protruded 17 inches from the wall. Blood and fecal matter were found on towels and S.R.'s jeans.

On the same date, Kyle Wojiechowski, R.N., performed a SAFE[3] examination of S.R. at Lancaster General Hospital. He documented several injuries to her anal and genital regions consistent with her description of the assaults.

[3] During a SAFE examination, a trained nurse examines and collects evidence from a person who reports being sexually assaulted.

[Appellant] was interviewed by the Ephrata Borough police on May 7, 2013, May 21, 2013, and June 6, 2013. The audio recordings of these interviews were admitted into evidence and played during the course of the trial. During these interviews, [Appellant] admitted that he and Mr. Rivera plied S.R. with alcohol, marijuana and Xanax, and it was obvious that S.R. was intoxicated. [Appellant] also told the police he knew that Mr. Rivera had raped S.R., and that [Appellant] saw blood and fecal matter coming out of S.R. Despite this, he engaged in oral and anal sex with her while she was in the shower.

Trial Court Opinion (T.C.O.), at 7-10.

On March 6, 2014, at the conclusion of a bench trial, Appellant was found guilty and sentenced as stated above. He was found not guilty on the remaining eight counts against him.[3] Appellant filed a timely notice of appeal and complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement. The trial court issued its Rule 1925(a) opinion on December 1, 2014. Appellant now presents the following issues for our review:

I.    Was the evidence presented at trial insufficient to find Appellant guilty of the crimes of sexual assault and corruption of minors, a felony of the third degree where the victim gave no indication the sexual contact was not wanted and the Commonwealth established no course of conduct in violation of Chapter 31 (relating to sexual offenses)?

II.    Alternatively, was the trial court's finding that Appellant was guilty beyond a reasonable doubt of the crimes of sexual assault and corruption of minors against the weight of the evidence?

III.    Did the court abuse its discretion by denying Appellant the ability to cross-examine the victim regarding her use of alcohol and Xanax together only four days after the incident in question?

_____

[3] Appellant was charged with two counts of involuntary deviate sexual intercourse by forcible compulsion, 18 Pa.C.S. § 3123(a)(1); two counts of involuntary deviate sexual intercourse by threat of forcible compulsion, 18 Pa.C.S. § 3123(a)(2); one count of rape by forcible compulsion, 18 Pa.C.S. § 3121(a)(1); one count of rape by threat of forcible compulsion, 18 Pa.C.S. § 3121(a)(2); one count of sexual assault, 18 Pa.C.S. § 3124.1; one count of corruption of minors, 18 Pa.C.S. § 6301(a)(1)(ii); one count of unlawful contact with a minor, 18 Pa.C.S. § 6318(a)(1); and one count of criminal conspiracy, 18 Pa.C.S. § 903.

Appellant's Brief, at 4.

### Sufficiency of the Evidence

Appellant presents a sufficiency argument for each of the two offenses which we shall address in turn. For the offense of sexual assault, Appellant contends that both the consent and *mens rea* elements were insufficiently established. Appellant also challenges the definition of the term "course of conduct" as it applies to corruption of minors.

We review Appellant's challenge to the sufficiency of the evidence under the following, well-settled standard of review:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

***Commonwealth v. Widmer***, 744 A.2d 745, 751-52 (Pa. 2000) (internal citations omitted).

### Sexual Assault

The offense of sexual assault is defined in 18 Pa.C.S. § 3124.1, which provides that, "a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent." The Commonwealth,

therefore, was required to prove that Appellant had sexual intercourse with S.R., that S.R. did not consent, and that Appellant acted intentionally, knowingly or recklessly concerning S.R.'s lack of consent.[4]  That Appellant and victim had sexual intercourse is not in dispute.

### *Consent*

As to the element of consent, Appellant argues that no fact-finder could reasonably have determined that the victim did not consent, given the following version of events:

> Not only was there insufficient evidence to find beyond a reasonable doubt that S.R. did not consent to intercourse with Appellant, while not required, there is sufficient evidence to find that S.R. *did* consent [emphasis in original].  She voluntarily went to a hotel room.  She went into the manager's office to assist in the rental.  She said nothing to the hotel manager.  She voluntarily took off her own clothing.  She engaged in sex with Mr. Rivera without objection, verbal or physical.  She went to the shower and did the same.  Appellant entered the shower and the two engaged in oral and anal intercourse, all without any objection.  She never said to stop, she did not scream in pain, she never said no, she never tried to get away, she did not resist physically.  Appellant made no threats toward her.  Appellant used no physical force.  Once outside the bathroom, and not "blocked in", as the Commonwealth claims, she did not leave.  S.R.'s first "nonconsent" came when a third man entered the room.  She immediately said no, pushed him away, and left.  It does not mesh to believe that five minutes earlier, when in control of her thoughts, S.R. makes no verbal or physical sign of nonconsent, but shortly thereafter shows her first sign of

---

[4]  **See** 18 Pa.C.S. § 302(a), which provides that *mens rea* must be established with respect to each material element of the offense.  **See also** 18 Pa.C.S. 302(c) (stating that when a statute remains silent as to the degree of culpability required, such element is established if a person acts intentionally, knowingly, or recklessly).

nonconsent and the event ceases. Likewise, to find S.R. "gave up" while with Appellant, would be to say that she had expressed some resistance or denial earlier.

Appellant's Brief, at 15.

This Court has construed silence, without more to suggest otherwise, as evidence of consent. "In rape prosecutions, evidence of the [alleged victim] should be carefully considered in determining whether she consented, and ordinarily proof of failure to make an outcry, offer resistance and complain tends to show consent." *Commonwealth v. Goodman*, 126 A.2d 763, 765-66 (Pa. Super. 1956). Appellant asserts, "find[ing] that sufficient evidence supported the trial court's verdict would be to find that any person, after any regrettable sexual encounter, could have her counterpart convicted of sexual assault if she later decided that act was unwanted." Appellant's Brief, at 16.

However, the victim's silence in this case was not the only evidence related to consent. This Court has long held that the uncorroborated testimony of a sexual assault victim is sufficient to convict a defendant. *Commonwealth v. Charlton*, 902 A.2d 554, 562 (Pa. Super. 2006) (citation omitted). Additionally, the fact-finder was free to rely entirely on the victim's characterization of the events when she said that she was "forced," indicating a lack of consent. *Commonwealth v. Adrulewicz*, 911 A.2d 162, 166 (Pa. Super. 2006). Equally important, it is not requisite that

a victim actively resist in order for there to be a lack of consent. 18 Pa.C.S.

§ 3107.[5] Finally, the victim provided the following version of events:

> Q: When you say you had fecal matter coming out of you, can you tell me - - strike that. You stated you had gone into the shower. Can you tell me what happened next?
>
> A: After I was in the shower for a little bit, then [Co-Defendant] came in and he forced me to have oral sex with him.
>
> Q: After that happened with [Co-Defendant], can you tell me then what happened next?
>
> A: I was sitting in the corner of the shower with my head down and then [Appellant] came in.
>
> Q: And what happened after [Appellant] came in?
>
> A: He forced me to do the same thing.
>
> Q: When you say, he forced me to do the same thing, what do you mean?
>
> A: Oral sex.
>
> Q: Then what happened?
>
> A: And then I got up, he turned me around then had anal sex with me.

N.T., at 24-26.

S.R. provided more than just an attestation at trial that she did not

consent. When viewed in the light most favorable to the verdict winner, the

evidence shows that, after Co-Defendant sexually assaulted her, the victim

---

[5] *See* 18 Pa.C.S. § 3107, which provides as follows: "The alleged victim need not resist the actor in prosecutions under this chapter: Provided, however, that nothing in this section shall be construed to prohibit a defendant from introducing evidence that the alleged victim consented to the conduct in question."

retreated to the shower to clean herself of blood and excrement. After Co-Defendant sexually assaulted her a second time, Appellant entered the bathroom and "forced" himself upon her twice. It is reasonable to infer from the testimony that the victim's silence was not due to active participation. Accordingly, we find the evidence sufficient to support the finding of lack of consent.

### *Mens Rea*

Appellant further contends that there was insufficient evidence of the *mens rea* element. The Commonwealth was required to prove that Appellant acted intentionally, knowingly or recklessly concerning S.R.'s lack of consent. Appellant argues that, "[e]ven if found there was sufficient evidence to find that S.R. did not consent, it is clear from the preceding recitation of facts that Appellant received no sign, signal, or indication, verbal, or physical, of her nonconsent." Appellant's Brief, at 16.

We recognize that sexual assault contemplates a form of rape where force is not a factor.[6] To establish the requisite intent, the Commonwealth does not need to show force or affirmative resistance; rather, evidence that

---

[6] 18 Pa.C.S. § 3124.1 is a newly enacted statute, which was drafted in response to the Pennsylvania Supreme Court's decision in **Commonwealth v. Berkowitz**, 641 A.2d 1161 (Pa. 1994). The statute is intended to fill the loophole left by the rape and involuntary deviate sexual intercourse statues by criminalizing non-consensual sex where the perpetrator employs little or no force. **Commonwealth v. Pasley**, 743 A.2d 521, 523 n.3 (Pa. Super. 1999).

Appellant disregarded a substantial risk that the victim did not consent to the sexual activities is sufficient.[7] With regard to this element, the trial court found as follows:

> Despite knowing S.R. was extremely intoxicated and having seen the blood stain on the bed and the blood and fecal matter coming out of her body, [Appellant] nonetheless engaged in oral and anal intercourse with S.R. without her consent. S.R. was huddled on the floor in the corner of the three foot square shower stall when [Appellant] entered the shower, and she was blocked in the shower by the sink and by [Appellant]. S.R. explained she did not resist [Appellant] because she had "given up" after what had occurred with [Co-Defendant]. She also testified how she was in pain and felt betrayed and used by [Appellant].

T.C.O., at 10-11.

As summarized by the trial court, when viewed in the light most favorable to the verdict winner, the evidence establishes sufficient support for the fact-finder to infer that Appellant disregarded the substantial risk that the victim did not consent. Accordingly, we find the evidence sufficient to support the verdict.

### *Corruption of Minors*

_____

[7] "A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation." 18 Pa.C.S. § 302(b)(3).

Appellant also contends that the evidence does not sufficiently prove corruption of minors.[8] The essence of Appellant's argument is that the necessary element, "course of conduct," requires multiple actions, and that the sexual assault at issue is singular in action.[9]

In his brief, Appellant posits the following argument to support his contention:

> A course of conduct is a "pattern of actions composed of more than one act over a period of time, however short, evidencing a continuity of conduct." 18 Pa.C.S. § 2709(f). As discussed at length in **Commonwealth v. Kelly**, 102 A.3d 1025 (Pa. Super. 2014), the term course of conduct requires multiple acts over time in violation of Chapter 31. In **Kelly** the defendant touched the genital of a minor while he bathed the minor. The Superior Court found this evidence to be insufficient to find defendant guilty beyond a reasonable doubt.
>
> Appellant engaged in one sexual encounter with S.R. in violation of Chapter 31. The encounter took place in the bathroom of the Ephrata Motel and lasted approximately 5-10 minutes. There was no evidence presented that suggested Appellant had encouraged S.R. to engage in any other sexual acts with Mr. Rivera. Conversely, the evidence established that Appellant was not around when the motel room was rented, did not provide

---

[8] The elements of the offense are: first, that the defendant was eighteen years old or older at the time of the crime; second, that the minor victim was under eighteen years of age at the time of the crime; and third, that the defendant corrupted or tended to corrupt the morals of the minor by engaging in a course of conduct in violation of Chapter 31. 18 Pa.C.S. § 6301(a)(1)(ii).

[9] Appellant also argues that this offense must fail because it is contingent upon a Chapter 31 violation which he avers was deficient. Because we find sexual assault sufficiently proven, the argument that insufficiency of sexual assault is tantamount to insufficiency of the corruption charge as well is moot.

S.R. with any Xanax, and was not in the room for S.R.'s sexual interactions with Mr. Rivera.

Appellant's Brief, at 17-18 (citations to the record omitted).

In response, the Commonwealth points out that the **Kelly** court allowed that the acts constituting a "course of conduct" may occur over a short time span. Appellee's Brief, at 26. Instead of constituting one continuous act, the Commonwealth argues that the forced oral sex and subsequent anal sex should constitute separate actions. **Id**., at 27.

To distinguish the case at bar from **Kelly**, we agree with the Commonwealth that Appellant engaged in two distinct acts of sexual assault.[10] Forcing S.R. to have oral sex with him constituted the first sexual assault. Forcing her to have anal sex with him, however short the time between the acts may have been, constituted a distinct, second sexual assault. That alone is enough to satisfy the "course of conduct" element of the offense. In addition, when viewed in the light most favorable to the verdict winner, the record provides that Appellant encouraged the victim to

---

[10] It was not requisite for Appellant to have been charged separately for each act in order for the fact-finder to determine that distinct Chapter 31 offenses had occurred. "Inconsistent verdicts, while often perplexing, are not considered mistakes and do not constitute a basis for reversal. Rather, the rationale for allowing inconsistent verdicts is that it is the [fact-finder]'s sole prerogative to decide on which counts to convict in order to provide a defendant with sufficient punishment." **Commonwealth v. Stokes**, 38 A.3d 846, 855 (Pa. Super. 2011) (citations omitted). "Thus, this Court will not disturb guilty verdicts on the basis of apparent inconsistencies as long as there is sufficient evidence to support the verdict." **Commonwealth v. Petteway**, 847 A.2d 713, 718 (Pa. Super. 2004).

leave school, drink alcohol, and smoke marijuana, which culminated in violations by both Co-Defendant and Appellant against the victim. The evidence thus sufficiently allows the trial court to adduce that Appellant aided, abetted, enticed, or encouraged multiple violations of Chapter 31. The element is therefore satisfied under either interpretation of *Kelly*. Accordingly, we find the evidence sufficient to support the corruption of minors verdict.

### *Weight of the Evidence*

Appellant challenges the weight of the evidence regarding the two offenses. He avers that the trial court must have established the element of lack of consent from the testimony of the SAFE nurse and the victim's friend, Joseph Klepchick, in direct contradiction to the testimony of the victim herself. The SAFE nurse testified that the victim's anal and genital regions had sustained injuries consistent with her description. Mr. Klepchick testified that Appellant had said, "He was not going down for rape." It is Appellant's theory that this testimony goes impermissibly against the testimony of the victim, that she specifically did not express lack of consent.

We review Appellant's challenge to the weight of the evidence according to the following standards:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim

- 13 -

below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003) (citations omitted).

"An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record, discretion is abused."

*Commonwealth v. Stollar*, 84 A.3d 635, 650 (Pa. 2014) (citations omitted).

As noted above, the uncorroborated testimony of the victim is sufficient to convict. *Charlton*, 902 A.2d at 562. Further, the fact-finder was free to believe the victim independent of any other witnesses. *Andrulewicz*, 911 A.2d at 166. Additionally, the victim did not have to express her lack of consent. 18 Pa.C.S. § 3107. Upon review of the record, we do not find the SAFE nurse or Mr. Klepchick contradicted the victim's testimony. Therefore, in order for us to conclude that the verdict was against the weight of the evidence, the trial court's decision must have been due to partiality or prejudice.

The verdict reveals no such abuse of discretion. To the contrary, finding Appellant not guilty of the other offenses signals a distinct lack of bias. Appellant was charged with rape by forcible compulsion, which requires a finding of force. The lesser included offense, sexual assault,

requires no such showing. Because the trial court interpreted the "force" that the victim testified to as connoting a lack of consent rather than denoting a use of force, Appellant was found guilty only of the lesser included offense. This use of discretion by the trial court compels us to conclude that it actively considered the evidence presented and rendered its judgment impartially. Accordingly, we find the trial court did not err in concluding that the verdict was not against the weight of the evidence.

### Exclusion of Evidence

Appellant contends that the trial court committed an abuse of discretion by not allowing him to question the victim as to her use of alcohol and Xanax a few days after the event at issue. He argues that this evidence was important in showing that she had a history of alcohol and drug use and that the use of the intoxicants days after the incident supports the proposition that she consented to the acts. Appellant is referencing the following relevancy objection sustained during trial:

Q. [Defense Counsel]: In fact, do you recall three days after this incident that - -

[Assistant District Attorney]: Objection, Your Honor. Relevance as to the time and date of the offense.

[The Court]: Your response []?

[Defense Counsel]: A big part of the Commonwealth's case is going to be that she was drugged and drinking alcohol. And especially the use of alcohol with Xanax together, I think it's important to establish this wasn't the first time she drank and she knows what the effects of this are.

[The Court]: Does this incident afterwards involve your client or this other individual []?

[Defense Counsel]:     No, it doesn't.  It is a text message.

[The Court]:           To whom?

[Defense Counsel]:     To    neither    [Appellant]    or    [Co-Defendant].

[The Court]:           You can ask her about her experience mixing these various substances, but what happened with other people I don't see the relevance of that, especially if it is after the events in question.

[Defense Counsel]:     Okay, Your Honor.

[The Court]:           The objection is sustained.

N.T., 3/4/14, at 32-33.

We apply the following standard of review: "Questions of the admission and exclusion of evidence are within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion." *Commonwealth v. Kendricks*, 30 A.3d 499, 503 (Pa. Super. 2011) (citation omitted). "An abuse of discretion is not merely an error of judgment, but the misapplication or overriding of the law or the exercise of a manifestly unreasonable judgment based upon partiality, prejudice or ill will." *Commonwealth v. Charleston*, 16 A.3d 505, 526 (Pa. Super. 2011) (citation omitted).

Evidence is relevant if it has any tendency to make a fact more of less probable than it would be without the evidence; and, the fact is of consequence in determining the action.  Pa.R.E. 401.

First, the trial court did allow questioning of the victim regarding her prior use of alcohol and Xanax.  The evidence of her subsequent use does

not tend to make that fact more or less probable. Second, although Appellant argues that this evidence goes to support the theory that the victim was fabricating the lack of consent, there is nothing in the record which leads us to conclude that this evidence would further that line of inquiry. Finally, we note that the voluntariness of the victim's intoxication is not material to the case at bar. Consequently, we find that the trial court did not abuse its discretion in excluding the evidence of intoxication after the incident.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence **AFFIRMED**.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/26/2015