J-S74012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CURTIS TURNER | : | |
| | : | |
| Appellant | : | No. 2084 EDA 2016 |

Appeal from the Judgment of Sentence April 25, 2014
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004240-2012

BEFORE:  BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 29, 2018**

Curtis Turner appeals from the judgment of sentence of four to eight years imprisonment followed by five years probation imposed following his non-jury convictions for attempted rape, attempted sexual assault, unlawful restraint, indecent assault, terroristic threats, and simple assault.  We affirm.

Shortly after midnight on March 6, 2012, the victim, Y.W., exited a store along with Shaneika Stephenson.  Appellant, who was a casual acquaintance of Y.W., was outside the store and blocked her progress. Appellant grabbed the victim's jacket and told her, "Bitch, you gonna suck my d--- and we gonna f---" while reaching toward his zipper.  Appellant started to kiss the victim and tried to feel her breasts, but she was able to move his hand.  Appellant, still holding on to the victim's jacket, began

choking her. He pushed her against the wall and she resisted, causing the two to fall to the ground.

Meanwhile, Ms. Stephenson ran into the street for help. A car stopped and the driver, a large male, hurried over to assist. The unidentified driver yelled at Appellant and demanded that he stop. Appellant put his hands in the air, and the victim was able to escape and call 911.

Following a bench trial, Appellant was found guilty of the aforementioned crimes and sentence was imposed. Appellant filed a post-sentence motion for reconsideration, which was denied. His right to appeal was reinstated *nunc pro tunc* following a timely PCRA petition. Appellant complied with the trial court's order to file a concise statement of matters complained of on appeal. The trial court authored its responsive opinion, and the matter is ready for our review. Appellant raises one claim: "Whether the verdict was contrary to the law based on the elements not being proven?" Appellant's brief at 7.

Appellant's argument challenges the sufficiency of the evidence. Our standard of review is well settled.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so

weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Fitzpatrick*, 159 A.3d 562, 567 (Pa.Super. 2017) (citation omitted).

Appellant's argument is limited to the convictions for attempted rape and attempted sexual assault. "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901(a). The specific intent pertains to the result. "[I]n the attempt setting, the *mens rea* level of 'intentionally' attaches to the result (for example, a homicide)." *Commonwealth v. Roebuck*, 32 A.3d 613, 622 (Pa. 2011) (footnote omitted). The results in question, rape and sexual assault, are defined as follows. Rape requires proof that "the person engages in sexual intercourse with a complainant . . . [b]y forcible compulsion." 18 Pa.C.S. § 3121(a). Sexual assault is committed when a "person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent." 18 Pa.C.S. § 3124.1. The latter crime was enacted "to fill the loophole left by the rape and involuntary deviate sexual intercourse statutes by criminalizing non-consensual sex where the

perpetrator employs little if no force." ***Commonwealth v. Pasley***, 743 A.2d 521, 524, n.3 (Pa.Super. 1999).

Before examining the sufficiency of the evidence and prior precedents affirming convictions for attempted rape, we note that Appellant's argument includes concepts of weight of the evidence. He argues:

> [Y.W.]'s testimony was inconsistent and unbelievable. She "forgot the name of the 'friend' she was with at the time she encountered Appellant. [Y.W.] stated that her friend began hitting Appellant to get him to let go after he allegedly grabbed her, but none of the surveillance photographs from the Chinese store corroborate her allegation. None of the images taken from the surveillance at the Chinese store show [Y.W.]'s friend hitting Appellant. The surveillance video also does not show either Appellant or [Y.W.] on the ground in front of the Chinese store which [Y.W.] alleged during trial.
>
> [Y.W.] testified that she was wearing both a hoodie and a jacket at the time of the incident. [Y.W.] alleged that Appellant grabbed her hoodie and jacket while he was holding her, but not that Appellant intentionally attempted to remove any clothing. Further, she alleged that when Appellant grabbed her hoodie she somehow "slipped" out of it. [Y.W.]'s testimony is not believable given the fact that she was wearing both a hoodie and a jacket at the time.

Appellant's brief at 15.

Reviewing the sufficiency of the evidence "does not include an assessment of the credibility of the testimony offered by the Commonwealth. Such a claim is more properly characterized as a weight of the evidence challenge." ***Commonwealth v. Wilson***, 825 A.2d 710, 713–14 (Pa.Super. 2003) (citations omitted). The failure to distinguish these two principles can result in waiver. ***Id***. However, we decline to do so as Appellant properly

- 4 -

challenged the sufficiency in his concise statement and we can readily excise the portions of Appellant's claim which require us to accept an alternative version of the facts. Hence, we shall review his claim.

Appellant first asserts that he lacked the requisite specific intent because Y.W. testified that he was intoxicated. However, voluntary intoxication is not a defense. 18 Pa.C.S. § 308 (evidence of voluntary intoxication may be introduced only to reduce degree of murder). Next, we examine the surrounding circumstances as they pertain to Appellant's intent, since it is subjective and necessarily difficult to prove with direct evidence. *Commonwealth v. Alford*, 880 A.2d 666, 670 (Pa.Super. 2005). Thus, intent may be proven by circumstantial evidence, and it can be inferred from the attendant circumstances. *Id*. at 671. Additionally, the facts supporting the establishment of a substantial step overlap with this facet of the inquiry, and we discuss both together.

Presently, there is direct evidence of intent, as Appellant told the victim that she was going to have sex with him. Additionally, his behavior after these declarations demonstrated an intent to follow through with his threats, as he tried to feel her breasts and choked her. He also grabbed her clothing and pushed her against the wall. Finally, Appellant reached for his zipper.

Aside from the improper attack on the weight of Y.W.'s testimony and his assertion of intoxication, the only other argument against the sufficiency

of the evidence is Appellant's assertion that he "did not try to undo [the victim's] pants, touch her anyplace below the waist, or grab her backside[.]" Appellant's brief at 15-16. He also emphasizes that he did not actually pull down his zipper. In short, he argues that his conduct did not amount to a substantial step towards the completion of rape and sexual assault.

We do not find that these circumstances preclude the convictions for attempted rape and attempted sexual assault. We find it significant that Y.W. defended herself and that Appellant's violent attack ended only because he was thwarted by a Good Samaritan. Several precedents have discussed analogous circumstances.

First, the victim's physical resistance counters Appellant's assertion that he ultimately did not pull down his zipper or otherwise progress further in his attempt. In *Pasley*, *supra*, we reviewed a conviction for attempted sexual assault. The defendant was in the female victim's bedroom and placed his hand on her knee after she asked him not to. He then pushed the victim onto the bed and pushed up her shirt and bra, while trying to unbutton her pants. The victim scratched and punched the defendant, who, realizing that he was bleeding, rolled off the victim and told her to leave. *Id*. at 523.

In *Pasley*, we found that the evidence was sufficient to meet all of the elements of attempted sexual assault, and noted that the victim's physical resistance prevented the defendant from succeeding. "[I]t is clear that

[Pasley] took substantial steps toward sexually assaulting the victim and that the only reason [he] did not succeed was because the victim was strong enough to forestall [his] criminal objective." *Id*. at 524.

Additionally, in ***Commonwealth v. Martin***, 452 A.2d 1066 (Pa.Super. 1982), the facts established that the appellant grabbed a female in the hallway of her apartment building at approximately 3:15 a.m., threatened to kill her, and stated his intent to have sexual intercourse. The appellant dragged the victim towards a laundry room but the victim faked an asthma attack, causing the assailant to flee. We succinctly rejected his claim that the evidence was insufficient to establish attempted rape:

> Here the victim was grabbed and dragged involuntarily; appellant threatened to kill her; and he expressed his intention to have sex with her. Such clearly amounts to a substantial step in effectuating an intended rape. We hold that the fact finder could properly find appellant guilty of attempted rape; the conviction is not contrary to the law.

*Id*. at 1070. Similarly, Appellant herein forcibly accosted the victim and expressed his intent to have sex with her. We find ample evidence supporting the trial court's finding that Appellant intended to commit rape and sexual assault, and that he took substantial steps towards those crimes. ***See also Commonwealth v. Simpson***, 462 A.2d 821 (Pa.Super. 1983) (attempted rape conviction affirmed where defendant went inside victim's bedroom and put sharp object to her throat along with loosening his pants; victim's screams for other family members caused perpetrator to flee); ***Commonwealth v. Owens***, 462 A.2d 255 (Pa.Super. 1983) (substantial

step towards attempted rape where appellant forcibly led child into garage and removed her clothing but stopped attempt when woman entered garage); *Commonwealth v. King*, 434 A.2d 1294 (Pa.Super. 1981) (attempted rape affirmed where appellant exposed himself and forcibly laid down on top of victim but was forced away by victim's resistance).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:3/29/18