**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYMOND L. CARMONA | : | |
| | : | |
| Appellant | : | No. 3506 EDA 2017 |

Appeal from the Judgment of Sentence October 2, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007418-2014

BEFORE:  BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY BOWES, J.:                    **FILED MAY 24, 2019**

Raymond L. Carmona appeals from the judgment of sentence of seventeen and one-half to thirty-five years of imprisonment imposed after he was convicted of attempted involuntary deviate sexual intercourse, unlawful contact with a minor, unlawful restraint, attempted sexual assault, false imprisonment, endangering the welfare of a child, corrupting the morals of a minor, attempted indecent assault, and indecent exposure.  We affirm.

The certified record supports the trial court's succinct recitation of the facts:

> On March 17, 2014, twelve year old C.A. lived with her mother and . . . Appellant.  (N.T. 05/19/2017 at p. 12).  C.A. stayed home from school that day due to severe menstrual cramps with Appellant.  (*Id*. at 14-15, 68).  C.A.'s mother left for work at or around 10:00 A.M. (*Id*. at 69).  At some point before noon, both C.A. and Appellant were in the living room watching the movie "Despicable Me." (*Id*. at 16).  C.A. testified that while they were watching the movie, Appellant grabbed her wrist and

led her to the bedroom. (*Id*.). C.A. asked him, "what are you doing," but received no response. (*Id*.). Appellant then threw C.A. onto the bed and began to undress her. (*Id*.). Specifically, Appellant undressed C.A. from the waist and below, but left her top on. (*Id*. at 38, 41). C.A. testified that she physically resisted the Appellant by pulling back and kicking. (*Id*. at 41). Appellant then pulled his pants down, grabbed his penis, and pushed it towards C.A.'s face while instructing her to "put this in your mouth." (*Id*. at 16). C.A. pushed Appellant away from her and ran into the living room, locking the door behind her. (*Id*.). C.A. testified that Appellant "tried to catch [her] but couldn't." (*Id*. at 43). C.A. spoke to her mother via telephone and explained "the situation" and that the Appellant was "trying to kiss her and touch her." (*Id*. at 64).

Appellant made repeated attempts to force the living room door open while C.A. was on the phone with her mother. (*Id*. at 16, 26). Eventually, Appellant was able to break the lock and enter the living room, thereby damaging the doorframe. (*Id*. at 26-27). At trial, the Commonwealth entered a photo of the damaged doorframe into evidence as exhibit C-2A. (*Id*. at 27). Upon entering the room, Appellant said to C.A., "Why you tell your mom? I'm not going to see my son again." (*Id*. at 26). Appellant immediately left the residence afterwards. *Id*.

Trial Court Opinion, 4/10/18, at 2-3.

Following a bifurcated bench trial, Appellant was convicted of the above-referenced offenses. On September 15, 2017, the trial court imposed twelve to twenty-four years of imprisonment followed by ten years of probation. However, upon review of Appellant's ensuing motion for reconsideration, and following argument by the parties, the trial court reconsidered Appellant's sentence and increased it to seventeen and one-half to thirty-five years of incarceration. This timely appeal followed.

Appellant complied with Pa.R.A.P. 1925(b), and reiterates two issues for our review:

I.      Whether the evidence submitted was insufficient as a matter of law to convict Appellant of criminal attempt—[IDSI] with a child[.]

II.     Whether the trial court abused its discretion when it imposed an excessively punitive sentence of [seventeen and one-half] to [thirty-five] years' incarceration followed by ten years' reporting probation on [his convictions].

Appellant's brief at 7 (footnotes omitted). [1]

Appellant's first issue is a challenge to the sufficiency of the evidence that supported the conviction for attempted IDSI with a child. In reviewing a challenge to the sufficiency of the evidence, we must determine "whether the evidence admitted at trial, and all the reasonable inferences derived therefrom viewed in favor of the Commonwealth as verdict winner, supports the jury's finding of all the elements of the offense beyond a reasonable doubt." **Commonwealth v. Packer**, 168 A.3d 161, 163 reasons n.3 (Pa. 2017) (quoting **Commonwealth v. Cash**, 137 A.3d 1262, 1269 (Pa. 2016)).

The attempt statute provides that "[a] person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901(a).

_____

[1] As phrased in his brief, Appellant's statement of questions presented on appeal purported to assail the sufficiency of evidence underlying all nine of his convictions. However, the only challenge that he raised in his Rule 1925(b) statement related to attempted IDSI. Hence, that is the only claim of insufficient evidence that is preserved for our review. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement . . . are waived"). We modified Appellant's first issue accordingly.

As we explained *in In re R.D.*, 44 A.3d 657 (Pa.Super. 2012), "The substantial step test broadens the scope of attempt liability by concentrating on the acts the defendant has done and does not any longer focus on the acts remaining to be done before the actual commission of the crime." *Id*. at 678 (internal quotation marks and citation omitted).

To sustain a conviction for involuntary deviate sexual intercourse with a child, the Commonwealth must establish that the defendant, who was an adult, engaged in deviate sexual intercourse by forcible compulsion with a person less than 13 years old. 18 Pa.C.S. § 3123(a), (b). The crimes code defines deviate sexual intercourse as "[s]exual intercourse per os or per anus between human beings[.]" 18 Pa.C.S. § 3101.

Instantly, Appellant argues that the Commonwealth failed to adduce sufficient evidence to establish the substantial-step element of attempted IDSI with a child. Appellant's brief at 24-25. Specifically, he asserts that the Commonwealth's failure to present consistent evidence "as to what happened before Appellant allegedly attempted to assault C.A." *Id*. at 25. For the following reasons, Appellant's claim fails.

First, Appellant's argument belies his understanding of a sufficiency of the evidence claim. A finding of insufficient evidence requires a lack of evidence supporting the convictions, not the existence of evidence of opposing force. **Commonwealth v. Widmer**, 744 A.2d 745, 751-52 (Pa. 2000). Presently, Appellant's speculative claim sounds in weight of the evidence,

which was not preserved for appeal. Instead of pointing to an element of the offense that the Commonwealth failed to prove beyond a reasonable doubt, Appellant engages in conjecture about the incident and suggests scenarios that the fact-finder could have believed, but did not. Indeed, Appellant's argument is replete with references to "what is plausible," "[w]hat is far more plausible," what "is likely," "[f]ar more likely," and what is "far more believable." *Id*. at 26-28. Appellant's speculation about what could have happened during the assault does not negate the competent evidence that the Commonwealth adduced to demonstrate what actually occurred.

Furthermore, Appellant's argument conveniently ignores the Commonwealth's evidence which demonstrates beyond a reasonable doubt that, while Appellant was babysitting twelve-year-old C.A., he grabbed her by the wrist, directed her to the bedroom, forced her onto her mother's bed, removed her clothes, placed his penis near the child's face, and ordered her to "[p]ut this in your mouth. " N.T., 5/19/17, 16. Notwithstanding Appellant's protestations to the contrary, the foregoing evidence is sufficient to sustain the trial court's determination that Appellant made a substantial step toward committing IDSI with a child. ***See***, ***e.g.***, ***Commonwealth v. Pasley***, 743 A.2d 521, 524 (Pa.Super. 1999) (finding substantial step toward commission of sexual assault where defendant threw victim on bed, straddled her, partially removed shirt and bra, and attempted to unbutton her pants).

Appellant's second argument challenges the discretionary aspect of his sentence, which is not appealable as of right.

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Bebout***, 186 A.3d 462, 470 (Pa.Super. 2018) (quoting ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa.Super. 2010)).

Instantly, Appellant filed a timely notice of appeal, leveled his sentencing claim in a post-sentence motion,[2] preserved it in a timely Rule 1925(b) statement, and included in his brief the required statement of reasons for allowance of appeal that we find presented a substantial question. ***See Commonwealth v. Swope***, 123 A.3d 333, 340 (Pa.Super. 2015) (when paired with allegation that court failed to consider mitigating factors and rehabilitative needs, claim that sentence is manifestly excessive raises substantial question).

---

[2] Having asserted manifest excessiveness in the post-sentence motion filed on September 25, 2017, Appellant was not required to reassert those claims following the court's modified judgment of sentence that was entered on October 2, 2017. ***See*** Pa.R.Crim.P. 720 cmt-*Miscellaneous* ("Once a sentence has been modified or reimposed pursuant to a motion to modify sentence under paragraph (B)(1)(a)(v) or Rule 721, a party wishing to challenge the decision on the motion does not have to file an additional motion to modify sentence in order to preserve an issue for appeal, as long as the issue was properly preserved at the time sentence was modified or reimposed.").

- 6 -

Appellant asserts that the judgment of sentence was manifestly excessive, unreasonable, and surpassed what was required to protect the public or foster his rehabilitation. The crux of Appellant's claim is that the trial court failed to consider the statutory factors in imposing the aggregate sentence of seventeen and one-half to thrifty-five years of imprisonment. Specifically, he opines "it is apparent that the sentencing court allowed its good judgment to be impeded by partiality, prejudice, bias, or ill-will" and asserts that, "[e]ven with the most cautious and deferential review, it is clear that this sentence was fashioned wholly to punish Appellant without any regard for the appropriate considerations of 42 Pa.C.S. § 9781." Appellant's brief at 32. For the following reasons, no relief is due.

> Our standard of review for sentencing claims is well settled.
>
> Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. ***Commonwealth v. Johnson***, 967 A.2d 1001 (Pa.Super. 2009). An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. ***Commonwealth v. Walls***, 592 Pa. 557, 926 A.2d 957 (2007).

***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa.Super. 2010).

In ***Walls***, ***supra***, our Supreme Court observed that appellate review of the discretionary aspects of a sentence is outlined in 42 Pa.C.S. § 9781(c) and (d). As it relates to the assertion Appellant levels herein, § 9781(d) directs that we assess the reasonableness of a sentence based upon the following factors:

**(d) Review of record.--**In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

This Court subsequently defined "unreasonable" as follows:

The **Walls** Court noted that the term "unreasonable" generally means a decision that is either irrational or not guided by sound judgment.  It held that a sentence can be defined as unreasonable either upon review of the four elements contained in § 9781(d) or if the sentencing court failed to take into account the factors outlined in 42 Pa.C.S. § 9721(b).[1]

_____

[1] Section 9721(b) states in pertinent part:

[T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.  The court shall also consider any guidelines for sentencing adopted by the Pennsylvania Commission on Sentencing[.]

***Commonwealth v. Daniel***, 30 A.3d 494, 497 (Pa.Super.2011).

As noted, Appellant asserts that the trial court abused its discretion in imposing seventeen and one-half to thirty-five years imprisonment.  We disagree.  Upon our review of the certified record and examination of the penalty pursuant to 42 Pa.C.S. § 9781, and the sentencing factors outlined in

42 Pa.C.S. § 9721(b), we find no basis to vacate the judgment of sentence as unreasonable. First, Appellant had an extensive criminal history with escalating violence and "a high risk for incurring future offenses[,]" including myriad prison infractions while incarcerated on these offenses. N.T., 10/2/17, at 16. Further, the certified record reveals that the trial court considered the nature and circumstances of the attempted IDSI with a child, reviewed the sentencing guidelines and presentence investigation report, and accounted for Appellant's history of violence, insincerity, and lack of genuine remorse. *Id.* Immediately before passing sentence, the court pronounced, "I always hope for the best, but honestly I don't feel that you can be rehabilitated. I think you are a direct threat and a danger to society." *Id*. at 17.

The foregoing references to the certified record belie Appellant's allegations of bias and consideration of improper factors. Stated plainly, the trial court contemplated the sentencing guidelines, the nature and circumstances of the attempted assault, and Appellant's criminal history. Likewise, it heard Appellant's sentencing allocution, reviewed the presentence investigation, and summarized its findings on the record. As the trial court had the benefit of a presentence investigation, we are required to presume all of the sentencing factors were weighed. ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa.Super. 2009). Accordingly, when viewed in light of the four statutory factors outlined in 42 Pa.C.S. § 9781(d) and the factors outlined in § 9721(b), we find that the trial court was not clearly unreasonable. As our

Supreme Court stated in **Walls**, **supra** at 963, an unreasonable sentence is irrational or not guided by sound judgment. This is not that case.[3]

As the trial court considered the totality of the sentencing factors, Appellant's challenge to the discretionary aspect of sentencing on this basis fails.

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 5/24/2019*

---

[3] We observe that Appellant does not expressly assert that the trial court's reconsidered sentences was motivated by vindictiveness. To the extent that Appellant's argument implicates vindictiveness, that issue is waived because Appellant failed to raise it during the reconsideration sentencing or included it in his Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement . . . are waived"); Pa.R.A.P. 302(a) ("Issues not raised in the [trial] court are waived and cannot be raised for the first time on appeal."). Significantly, in contrast to the aspects of Appellant's excessiveness claim that were preserved in the pre-reconsideration motion, an allegation of vindictiveness based upon an increased penalty following reconsideration is perforce asserted during the reconsideration hearing or in a second post-sentence motion.