J-S42006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
:
v.                :
:
:
KENNETH E. MOORE         :
:
Appellant        :    No. 2203 EDA 2018

Appeal from the Judgment of Sentence Entered June 13, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004320-2017

BEFORE:   OTT, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY OTT, J.:              **FILED AUGUST 27, 2019**

Kenneth E. Moore appeals from the judgment of sentence imposed on June 13, 2018, in the Court of Common Pleas of Philadelphia County. This followed his non-jury conviction of attempted sexual assault.[1] On June 13, 2018, the trial court sentenced Moore to a term of 4½ to 9 years' imprisonment. Contemporaneous with this appeal, Moore's counsel has filed a petition to withdraw from representation and an **Anders** brief. **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981). The three issues addressed in the **Anders** brief are

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S. §§ 901 and 3124.1, respectively.

challenges to the sufficiency of the evidence, weight of the evidence, and discretionary aspects of Moore's sentence.[2]  After a thorough review of the submissions by the parties,[3] relevant law, and the certified record, we affirm and grant counsel's petition to withdraw.

We take the underlying facts and procedural history in this matter from our review of the certified record.  On November 1, 2013, Moore and the victim were relaxing in the backyard of a mutual acquaintance, Vincent Novitsky. N.T., 2/21/2018, at 12-13.  The victim had previously seen Moore in Novitsky's company but was not really acquainted with him.  *Id.* at 15.  After drinking a couple of beers, the victim became tired and went inside to Novitsky's living room, wrapped herself in a blanket, and fell asleep on a sofa. *Id.* at 13-14.  The victim testified she always slept curled in a ball.  *Id.* at 14. When the victim awoke, she found Moore had removed the blanket, straightened her legs, removed her stockings, hiked her long dress over her waist, and was leaning over her, attempting to take her breasts out of her dress.  *Id.* at 16-17.  When Moore realized the victim had awakened, he said, "What, you don't want to [f***k] me because I'm a [n****r]?"  *Id.* at 17.

The victim was able to extricate herself and, scared for her safety, ran upstairs and locked herself in one of the bedrooms of Novitsky's house.  *Id.*

_____

[2]  We have reorganized the issues based on the nature of the arguments.

[3] We note that, despite this Court granting it an extension of time, the Commonwealth has not filed a brief in this matter.

at 17-18. The next morning, when the victim heard someone moving around, she went downstairs and informed Novitsky and his roommate about the incident. *Id.* at 18-20. The victim did not know Moore's name and Novitsky only knew his nickname, so the victim did not report the incident to the police. *Id.* at 19-20.

The victim testified that, despite asking Novitsky not to allow Moore at his residence, she saw Moore's car parked there approximately two weeks later. *Id.* at 20-21. The victim stated she immediately left Novitsky's home, but Moore followed her in his car, shouting at her. *Id.* The victim hid in an alley until Moore drove away. *Id.* She did not report the incident to the police.

The victim averred that she again saw Moore's car parked at Novitsky's house in July 2016. *Id.* at 22. She took a picture of the license plate and reported the 2013 sexual assault to the police. *Id.* at 24-26.[4]

A bench trial took place on February 21, 2018. Along with the victim, who testified as stated above, Novitsky testified and largely corroborated the victim's version of the events. *Id.* at 66-70. Novitsky acknowledged the victim came downstairs early in the morning and said that Moore "tried to climb on top of her." *Id.* at 71, 73. He stated the victim was agitated and very upset. *Id.* at 71-73.[5]

---

[4] Initially, the victim erroneously told the police that the assault occurred in May of 2015. *Id.* at 38-39.

[5] Despite this, Novitsky continued his friendship with Moore. *Id.* at 73-74.

- 3 -

At the close of the Commonwealth's case, the trial court granted defense counsel's motion for judgment of acquittal with respect to the charge of rape but denied it with respect to the charge of attempted sexual assault. At the close of trial, the trial court found Moore guilty of attempted sexual assault.

Following receipt of a pre-sentence investigation report ("PSI"), on May 10, 2018, the trial court sentenced Moore to 6 to 12 years' imprisonment and a consecutive sentence of 4 years' probation. On May 18, 2018, Moore filed a post-sentence motion challenging the discretionary aspects of sentence. On June 13, 2018, the trial court held a hearing on the motion. At the hearing, the trial court noted the previous sentence exceeded the statutory maximum and was, therefore, illegal. The court resentenced Moore to 4½ to 9 years' imprisonment, which was below the mitigated range. The instant, timely appeal followed.[6]

Preliminarily, we note that when counsel files a petition to withdraw and accompanying **Anders** brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. **See Commonwealth v. Bennett**, 124 A.3d 327, 330 (Pa. Super. 2015). Here,

_____

[6] On July 11, 2018, the trial court ordered Moore to file a concise statement of errors complained of on appeal. On July 31, 2018, trial counsel filed a petition to withdraw, which the court granted that same day. Following appointment of new counsel and the granting of several requests for extensions of time, in lieu of filing a Rule 1925(b) statement, defense counsel filed a notice of intent to file an **Anders** brief. The court declined to file a Rule 1925(a) opinion, citing counsel's notice of intent to file an **Anders** brief.

our review of the record reveals counsel has substantially complied with the requirements for withdrawal outlined in **Anders**, *supra*, and its progeny. Specifically, counsel requested permission to withdraw based upon his determination that the appeal is "wholly frivolous," filed an **Anders** brief pursuant to the dictates of **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009), furnished a copy of the **Anders** brief to Moore and advised Moore of his right to retain new counsel or proceed *pro se*. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Moreover, our review of the record reveals no correspondence from Moore responding to the **Anders** brief. Accordingly, we will proceed to examine the issue counsel identified in the **Anders** brief, and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." **Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa. Super. 2018) (*en banc*).[7]

First, Moore contends that the evidence was insufficient to support his conviction for attempted sexual assault. **See** Moore's Brief, at 31-38. We disagree.

Our standard of review of a sufficiency claim is well settled:

Our standard for evaluating sufficiency of the evidence is whether the evidence, viewed in the light most favorable to the Commonwealth [as verdict winner], is sufficient to enable a reasonable [factfinder] to find every element of the crime beyond

_____

[7] **See also Commonwealth v. Dempster**, 187 A.3d 266 (Pa. Super. 2018) (*en banc*).

- 5 -

a reasonable doubt. [T]he entire trial record must be evaluated and all evidence actually received must be considered, whether or not the trial court's rulings thereon were correct. Moreover, [t]he Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Finally, the trier of fact, while passing upon the credibility of witnesses and the weight to be afforded the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Shull*, 148 A.3d 820, 844 (Pa. Super. 2016) (citation omitted).

The Pennsylvania Crimes Code defines sexual assault as follows: "[A] person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent." 18 Pa.C.S. § 3124.1. "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901(a). Therefore, to convict Moore of attempted sexual assault, the Commonwealth was required to prove (1) Moore intended to engage in sexual intercourse with the victim; (2) without the victim's consent; and (3) Moore took a substantial step towards engaging in sexual intercourse with the victim without her consent.

Moreover, we note that a conviction of attempted sexual assault does not require proof of penetration. *See*, *e.g.*, *Commonwealth v. Pasley*, 743 A.2d 521, 524 (Pa. Super. 1999) (finding evidence sufficient to support conviction of attempted sexual assault where defendant, "who was only

wearing shorts, threw the victim on his bed, straddled her, pushed up her shirt and bra to her neck, and attempted to unbutton her pants," during which victim scratched and punched defendant until he bled), *appeal denied*, 759 A.2d 922 (Pa. 2000). Further, with regard to sexual offenses, it is well established that the "testimony of a victim need not be corroborated." ***Commonwealth v. Poindexter***, 646 A.2d 1211, 1214 (citation omitted), *appeal denied*, 655 A.2d 51 (Pa. 1995). Indeed, "this court held that the uncorroborated testimony of a [sexual assault] victim, if believed by the [fact finder], is sufficient to support a [sexual assault] conviction and no medical testimony is needed to corroborate a victim's testimony if the testimony was rendered credible by the [fact finder]." ***Id.*** at 1215 (citation omitted).

Here, a review of the record reveals the following: The victim testified she was sleeping curled in a ball and wrapped in a blanket on Novitsky's couch. She awoke and found that Moore had pulled the blanket off, stretched out her legs, removed her stockings, pushed up her skirt, and was leaning over her, face-to-face, trying to remove her breasts from her dress. N.T., 2/21/2018, at 16-19. Moore said to the victim, "What, you don't want to [f**k] me because I'm a [n****r]?" ***Id.*** at 17. The interaction ended when the victim was able to "raise up off" the couch, flee, and lock herself in a room. ***Id.*** The trial court specifically found the victim's testimony to be credible. ***Id.*** at 119. This evidence clearly established Moore intended to engage in sexual intercourse with the victim, without her consent as she was asleep, and Moore

took a substantial step towards engaging in sexual intercourse with the victim without her consent when he attempted to remove the victim's breasts from her dress. *See Pasley*, *supra*. As such, Moore's sufficiency claim does not merit relief.

Next, Moore challenges the weight of the evidence. *See* Moore's Brief at 20-22. However, as counsel correctly notes, such a claim is frivolous because Moore waived this claim. *Id.*

> [A] challenge to the weight of the evidence must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Pa.R.Crim.P. 607(A)(1)-(3). "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." Comment to Pa.R.Crim.P. 607. If an appellant never gives the trial court the opportunity to provide relief, then there is no discretionary act that this Court can review. *Commonwealth v. Thompson*, 93 A.3d 478, 491 (Pa. Super. 2014).

*Commonwealth v. Jones*, 191 A.3d 830, 834-835 (Pa. Super. 2018) (footnotes omitted). Further, a party cannot raise an issue for the first time on appeal. *See* Pa.R.A.P. 302(a).

Here, Moore did not raise the claim in his post-sentence motion or at sentencing. Rather, he has raised the issue for the first time on appeal. Accordingly, we conclude Moore waived his weight of the evidence claim for failure to raise the issue with the trial court, and we need not address it further.

Lastly, Moore claims his sentence is manifestly excessive. *See* Moore's Brief at 23-31. However, again, as counsel correctly notes, Moore waived this claim and, therefore, the issue is frivolous. *Id.*

A challenge to the discretionary aspects of a sentence is not absolute, but rather, "must be considered a petition for permission to appeal." *Commonwealth v. Best*, 120 A.3d 329, 348 (Pa. Super. 2015) (citation and internal citation omitted). To reach the merits of such a claim, this Court must determine:

> (1) whether the appeal is timely; (2) whether [the defendant] preserved [the] issue; (3) whether [the defendant's] brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329–330 (Pa. Super. 2013) (citation omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013). "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*).

In the present case, Moore did file a post-sentence motion challenging his original sentence. However, on June 13, 2018, the trial court determined it had originally imposed an illegal sentence and resentenced Moore to a lesser sentence, below the mitigated range. *See* N.T., 6/13/2018, at 4, 12-13.

Moore did not challenge the discretionary aspects of his new sentence during the June 13, 2018, hearing or in a post-sentence motion filed within ten days after the imposition of the new sentence. *See* Pa.R.Crim.P. 720(A)(1); *see also Commonwealth v. Broadie*, 289 A.2d 218, 220 (Pa. Super. 1985). Accordingly, Moore waived any challenge to the discretionary aspects of his sentence, and his final claim fails.[8]

Lastly, in accordance with *Yorgey*, *supra*, we have independently reviewed the certified record in order to determine if counsel's analysis regarding the frivolous nature of the present appeal is correct. Because we agree with counsel's assessment that this appeal is wholly frivolous, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

---

[8] Moreover, the claim is without merit. The trial court sentenced Moore below the mitigated range of the sentencing guidelines. The record demonstrates the trial court had the benefit of a PSI. This Court has previously held that, where the trial court has the benefit of a PSI and sentences within, or, as in this case, below the standard range of the guidelines, the sentence is appropriate under the sentencing code. *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010). Thus, any challenge to the discretionary aspects of sentence would lack merit. *See Commonwealth v. Zeigler*, 112 A.3d 656, 662 (Pa. Super. 2015) (holding sentence not manifestly unreasonable where sentencing court considered PSI, details of crime, and explained reasons for sentence); *see also Moury*, *supra* at 171.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/27/19</u>